### HOWETT *v.* MERRILL *et al.*

(*Supreme Court, General Term, Second Department.* June 25, 1888.)

JUDGMENT—SATISFACTION—ATTORNEY'S LIEN.

Plaintiff having satisfied his judgment against defendant, April 14, 1882, his attorney, as soon as he was informed of the settlement, had the satisfaction vacated, in order that his lien for costs and disbursements might be restored. The vacating order was revoked February 13, 1883, for an improper service of papers. The attorney made another application to set aside the satisfaction in November, 1887. Plaintiff and defendant both made oath that, at the time of the satisfaction, plaintiff told defendant that he had paid the attorney all that was due him. *Held*, that in view of the lapse of time from the revocation of the vacating order, and the proof as to plaintiff's statements to defendant, the satisfaction should not be set aside.

Appeal from special term, Richmond county; EDGAR M. CULLEN, Justice.

Application by Calvin D. Van Name, attorney of plaintiff in the case of William M. Howett against Isaiah M. Merrill and another, to have a satisfaction of the judgment in such case given by plaintiff to defendant Merrill set aside, in order that the attorney's lien for costs and disbursements might be restored. Order denying the application, and plaintiff and attorney appeal.

Argued before BARNARD, P. J., and PRATT, J.

*Calvin D. Van Name*, for appellant.

BARNARD, P. J. It is difficult to say what are the facts in this case upon the real point of dispute. It is certain that the plaintiff recovered a judgment of $337.86 damages, and costs, against the defendants on the 24th of May, 1881; that Calvin D. Van Name was the plaintiff's attorney; that on the 14th of April, 1882, the plaintiff settled with Isaiah Merrill, one of the defendants, for one-half of the judgment, and gave him a satisfaction from the judgment as to this defendant; that Van Name was not informed of the settlement until the 6th of January, 1883; that he at once moved to vacate the satisfaction, which was so ordered upon improper service of papers, and the order was revoked on February 13, 1883, and the matter has so remained until this application was made, in November, 1887. The length of time which has elapsed since the revocation of the order is a very strong circumstance against now opening the subject. The worst circumstance is, however, one which affects the question of the attorney's right to claim at all. The moving papers contain an affidavit made by plaintiff that, at the time of the settlement, he told the defendant that he had paid Van Name "all that was due him." Van Name swears that nothing was paid. The defendant makes oath that the plaintiff told him that all claims in respect to this litigation had been settled with Van Name for a note of $100, and some costs. There is also other proof of statements of the plaintiff to the same effect. Upon the whole case, in view of the time which has expired since the satisfaction was given, the order should be affirmed, with costs.

PRATT, J., concurs.