WILLIAM M. HOWITT, Appellant, *v.* ISAIAH M. MERRILL, Impleaded, etc., Respondent.

As to whether relief will be given to an attorney, having a lien upon a judgment for his costs, against a fraudulent satisfaction thereof by his client upon a summary application by motion, or he will be required to bring suit, is within the discretion of the Supreme Court, and its determination is not reviewable here.

(Argued March 19, 1889; decided March 26, 1889.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made June 25, 1888, which affirmed an order of Special Term denying a motion to set aside a satisfaction of judgment herein.

The following is the *mem.* of opinion:

" On the 24th day of May, 1881, the plaintiff, by Van Name, his attorney of record, obtained judgment against the defendant for $230 damages and $107$\frac{86}{100}$ costs and disbursements. On the 14th of April, 1882, the defendant paid the plaintiff $150 and took from him a satisfaction piece. Both plaintiff and defendant refuse to pay the attorney his costs in the action, and the attorney, in his own behalf, moved the court to set aside ' the satisfaction of the judgment to the extent of the costs and disbursements.' At Special Term the motion was opposed by affidavits and was denied by the court. Upon appeal the General Term affirmed the order. The plaintiff's lien upon the cause of action and the judgment is undoubted

(Code, § 66), but the lien might be waived or lost by the conduct of the attorney ; and whether, assuming its existence, relief should be given against a fraudulent satisfaction upon a summary application by motion, or upon action brought, was within the discretion of the Supreme Court, subject to no interference by an appellate tribunal.   Here the appeal in both courts was by the plaintiff in the action and his attorney jointly.   If the motion papers are to be credited, it might easily be held that the plaintiff colluded with the defendant, and, for aught that appears, the Supreme Court thought it expedient to leave the attorney to assert his right, if any he had, by action.

" The appeal should, therefore, be dismissed."

*Charles R. Hall* for appellant.

*Thomas W. Fitzgerald* for respondent.

DANFORTH, J., reads for dismissal of appeal.
All concur.
Appeal dismissed.