THE COMMERCIAL TELEGRAM COMPANY, PLAINTIFF, *v.* JAMES D. SMITH, AS PRESIDENT OF THE NEW YORK STOCK EXCHANGE, THE GOLD AND STOCK TELEGRAPH COMPANY AND THE WESTERN UNION TELEGRAPH COMPANY, DEFENDANTS.

IN THE MATTER OF THE APPLICATION OF JAMES E. CHANDLER APPELLANT, TO VACATE THE SATISFACTION PIECE IN THE ABOVE-ENTITLED ACTION AND FOR LEAVE TO ISSUE AN EXECUTION THEREIN, *v.* THE GOLD AND STOCK TELEGRAPH COMPANY AND THE WESTERN UNION TELEGRAPH COMPANY.

*Attorney and client — lien of the former upon the judgment recovered — right to enforce it after payment of the judgment to the client.*

Where an attorney claims a lien for his services upon a judgment recovered in an action by the plaintiff, his client, and gives notice to the attorneys for the defendants in the action that he has and claims such lien, and at their instance delays the issuing of an execution to collect the judgment, and thereafter the judgment is settled by the payment to the plaintiff of the amount thereof, the attorney for the plaintiff is entitled, where it appears that the plaintiff in the action is insolvent, and, therefore, unable to pay his attorney for the services performed by him in the action, to an order vacating a discharge of the judgment and authorizing the attorney to issue an execution upon it for the recovery of the amount due him.

APPEAL by James E. Chandler from an order entered, in the office of the clerk of the county of New York on the 10th day of March, 1890, denying a motion to vacate the satisfaction and discharge of a judgment entered in the above-entitled action on the 14th day of May, 1889, and for permission to issue an execution against the property of the defendants, the Gold and Stock Telegraph Company and the Western Union Telegraph Company, and to collect said judgment.

*William M. Safford* and *Robert P. Harlow*, for Chandler, appellant.

*William W. Cook* and *Dillon & Swayne*, for the telegraph companies, respondents.

Daniels, J.:

The appellant was the attorney for the plaintiff in the action in which the judgment was recovered. The recovery was for the sum of $2,295.42, and included no more than the costs, together with an allowance amounting to the sum of $1,000. The appellant claimed to be entitled to a lien upon this judgment for his services in the litigation, and in December, 1889, he gave notice in writing to the attorneys for the defendants in the action, that he had a lien upon the amount of the judgment, for the services rendered by him as attorney and counselor at law for the plaintiff in the litigation, which had resulted in the recovery of the judgment; and in January, 1890, he served a further notice upon the attorneys for one of the defendants that he should issue an execution to collect the judgment unless the same was paid to him. At their instance he delayed doing so for the time being, and on or about the 4th of February, 1890, the judgment was settled by the payment of the amount of it to the plaintiff itself. The attorney thereupon applied to the court for an order vacating the discharge of the judgment and allowing him to issue an execution upon it for the recovery of the amount. But this application was denied, and apparently under the authority of the decision in *Howitt* v. *Merrill* (113 N. Y., 680).

But that decision in no way denies the right of the attorney to enforce the lien existing in his favor in this manner; and where the judgment may have been satisfied after the notice of the lien claimed by him, the power of the court to vacate the satisfaction and permit the execution to be issued upon it for the benefit of the attorney is conceded by this decision. But in that case it was considered that redress might be obtained by the attorney by proceeding against the plaintiff in the action, while here that would be impracticable, for the reason that it had been made to appear that the plaintiff in this action is insolvent to a large amount, and on that account incapable of responding to the appellant for the services performed by him in the action. And where services of this description have been performed and the recovery of a judgment has been secured by the attorney it has been repeatedly held by the courts that the lien asserted in this instance exists in his favor and may be enforced by him for the satisfaction of his demands. (*Marshall* v.

*Meech*, 51 N. Y., 140; *Goodrich* v. *McDonald*, 112 id., 157; *Randall* v. *Van Wagenen*, 115 id., 527; *Wright* v. *Wright*, 70 id., 98.) And the attorney is entitled to proceed in this summary manner to enforce the lien and obtain satisfaction. (*Matter of Wolf*, 51 Hun, 407.) And the circumstance that a dispute may exist concerning the amount of his compensation or his right to remuneration will not defeat the proceeding. For the court is empowered through the intervention of a reference to determine the validity of his claim as well as of the objections which may be made against it by either of the parties to the judgment or others.

It has been asserted, on behalf of the parties to the judgment, that the appellant has been paid the sum of $13,832.40 for his services in this and other litigations in behalf of the plaintiff in the judgment. And a payment nearly to this extent has been conceded by him, but, at the same time, it has been stated, with apparent probability as to its correctness, that he had disbursed nearly the sum of $6,000 in the litigation by way of expenses, and that the plaintiff in the action still remains indebted to him in a large sum of money, excluding the costs and allowances recovered by this judgment. Who may be correct concerning this disputed state of the accounts it is not necessary to attempt to determine; neither could that be satisfactorily done upon the affidavits as they were presented on the hearing of the motion. If the appellant is right in his statements, then he is entitled to enforce his lien upon the amount included in the judgment by issuing an execution for its collection, while if he is not right in that statement, then, by an inquiry which may be regularly made in the proceedings, it will be established as a matter of fact that he had been paid for his services and has no legal right to enforce the collection of this judgment. That is a matter which can only be litigated satisfactorily by taking the testimony of the witnesses whose evidence may be important on this subject, and then ascertaining the facts established by their evidence.

It has been made to appear by the affidavits that the attorney, in December, 1889, commenced a suit in the Superior Court of the city of New York to recover the sum of $18,915.39, stated to be owing to him for his services in the plaintiff's litigation as its attorney, and that an attachment had been issued in that suit and a bond given discharging the attachment, which secured the payment to the

attorney of any sum which he might be able to recover in that litigation. And if that suit had included the claim now made by the plaintiff, that would have furnished a very satisfactory reason for dismissing this application; for the attorney could then very well be held to have elected to prosecute his remedy by action instead of by means of this summary proceeding. But the statement made by him is that the claims presented for determination in that suit are exclusive of that forming the basis of this proceeding; that this was reserved by him and not made a part of the demands for the recovery of which that suit was commenced and is now being prosecuted. This statement, as the affidavits have been presented, appears worthy of credence, and the action in the Superior Court, therefore, cannot be permitted to defeat the application made in this action.

It has also been stated that it was supposed that all the claims made by the attorney for services rendered to the plaintiff had been paid and satisfied in the manner already stated, but no arrangement or agreement whatever is authenticated or disclosed by the affidavits which would warrant the conclusion that the money received by the attorney was so received in satisfaction of his demands against the plaintiff. Neither does it appear satisfactorily that there was any understanding to which the plaintiff had become a party, that all litigation should be indefinitely suspended, or that the attorney should abandon his right to satisfaction for services in this action by enforcing his lien upon the judgment which had been recovered.

It is stated in the points, on behalf of the respondents, that the defendant James Smith, as president of the New York Stock Exchange, had appealed from the judgment and given security on that appeal staying the issuing of an execution. But if that is the fact, it will not prevent the attorney, in case his right to enforce his lien in this manner shall be established, from issuing an execution against the defendants who have taken no appeal, and recovering the amount to which he may be entitled for his services in this action against those defendants.

The stay of proceedings affected by the appeal and undertaking of the other defendant will operate in its favor alone, and not in favor of the defendants who have been proceeded against.

The order should be reversed, with ten dollars costs and disbursements, to abide the event of the proceedings, and an order should be entered directing a reference, for the hearing of the matters alleged, to a referee, to report to the court the evidence taken by him, with a statement of his opinion as to the facts proven by it.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order reversed, with ten dollars costs and disbursements, to abide the event of the proceedings, and a reference ordered.