(25 Misc. Rep. 343.)

## ANDERSON v. E. DE BRAEKELEER & CO., Limited.

## MECHANICS' NAT. BANK v. SAME.

(Supreme Court, Special Term, New York County. November, 1898.)

1. REFERENCE—REPORT—REVIEW ON EXCEPTIONS.
   A referee's finding on conflicting evidence will not be disturbed on exceptions.

2. SAME—IMMATERIAL ERROR.
   Where a referee adopted an agreed computation of interest on the amount found due, the fact that it exceeds by a few cents the true amount will be disregarded on exceptions.

3. SAME—EXPENSES OF REFERENCE.
   Under Code Civ. Proc. § 1015, providing for a reference "to determine and report on a question of fact arising in any stage of the action on motion, or otherwise, except on the pleadings," the referee cannot impose the expenses of the reference on either party, since that is for the court, under sections 3236, 3251, subd. 4.

4. SAME—STENOGRAPHER'S FEES.
   Since Code Civ. Proc. § 3251, relating to costs, makes no provision for stenographer's fees, in a reference under section 1015 such fees cannot be imposed on either party by the referee.

5. ATTORNEY'S LIEN—DISBURSEMENTS.
   Under an agreement to pay an attorney his disbursements, he may have them included in his lien on the judgment which he secures, though they may not be taxable against the judgment debtor.

6. SAME—SCOPE—GENERAL SERVICES.
   Where a judgment is paid to a receiver of the judgment creditor, the creditor's attorney has a lien on the proceeds, not for services rendered generally, but only for those rendered in securing the particular judgment.

Actions by Frank B. Anderson against E. De Braekeleer & Company, Limited, and by the Mechanics' National Bank against the same defendant. A receiver was appointed for defendant, and one La Fetra, an attorney for defendant, petitioned for a reference to take proof and report on the amount of his lien on a fund paid to the receiver subject thereto. Petitioner and receiver except to the report. Report confirmed.

George W. Glaze, for petitioner.
Frederick Geller, for receiver.

BISCHOFF, J. A fund, representing the proceeds of a judgment obtained by the corporation defendant against one Schwabeland, having been paid into the receiver's hands, subject to the lien of the attorney for the corporation, it was referred to a referee to take proof and report upon the amount of this lien; and the referee has found

55 N.Y.S.—46

that the attorney, La Fetra, is entitled to a sum representing 40 per cent. of the recovery in that action, together with $61.70 for disbursements actually and necessarily incurred in the course of the litigation. The issue of the agreement under which this 40 per cent. was claimed depended upon the conflicting testimony of the witnesses called for either side, and the referee's finding in favor of the petitioner upon this head is supported by the evidence which he found the more credible, after personally observing the witnesses. I cannot say that this result is against the weight of the evidence, and the conclusion should therefore remain undisturbed. The referee was also justified in allowing the item of $61.70 for actual disbursements, since the agreement by which the extent of the lien is to be measured covered the attorney's disbursements, and provided for their satisfaction; and the fact that these particular disbursements were not taxable, as against the judgment debtor, does not affect the force of the agreement, as between the attorney and his client, that the expenditure should be made good from the proceeds of the judgment.

It is also claimed by the receiver that the petitioner was erroneously allowed interest upon the 40 per cent. share of the fund to the date of the proceeding, but examination discloses the fact that the amount allowed is excessive by only a few cents of 40 per cent. of the sum paid to the receiver as due upon the verdict. The referee adopted the computation which had been accepted by the parties upon the hearing, and the receiver's exception raises no substantial question.

Again, it is contended that the receiver's alleged set-off of the value of certain wines delivered by the corporation to the petitioner should have been taken as established; but the evidence has led the referee to find that these wines were the subject of a gift to the petitioner, and the probabilities do not oppose the fact. The petitioner has excepted to so much of the referee's report as denies him a lien against the fund for services rendered generally, as attorney, at the request of the corporation, but not in the action in which the judgment was obtained, the contention being that a general lien upon these moneys existed. I think that the referee's conclusion upon this point was quite correct, since, while it might be, under the authorities, that an attorney who holds in his hands the proceeds of a judgment may retain the amount due him for his services generally, as against his client, the fund here was not in the attorney's possession, actually, nor could it be said to be so constructively. The receiver's possession was not for the benefit of the petitioner, the fund being held subject both to his claim and to the claims of other creditors; there was no "payment into court," as the term is understood; and the attorney's claim against the fund is no stronger now than it was when it existed against the fund in the hands of judgment debtor, in the particular action, before payment to the receiver was made. Therefore the lien can only be viewed as special, and attaching for services rendered in the action, and the petitioner's exception must be overruled.

The question which remains had to do with the supplemental report of the referee, which directs that the expenses of the reference be defrayed by the receiver from the fund in his hands; the reasonableness of the charge for referee's and stenographer's fees being dis-

puted by the receiver, who also assails the supplemental report as beyond the scope of the referee's powers. This objection to the power of the referee appears to be well taken, since the matter of the imposition of the expenses of the reference was not within the order of reference, and was to rest solely with the court, upon the coming in of the report upon the merits. The reference was of the nature described in section 1015 of the Code, the inquiry being for the advisement of the court as to a question arising upon a motion in the action, and not upon the pleadings; and there is no authority for the referee's determination of matters other than those referred. Upon such a reference, provision is made by the Code for the allowance of a sum for referee's fees and printing disbursements, in the discretion of the court. Code Civ. Proc. §§ 3236, 3251, subd. 4; O'Connor v. Improvement Co., 8 Misc. Rep. 243, 28 N. Y. Supp. 544. But the question is not one for the referee. The matter being before me, however, upon the motion to confirm the report, I conclude that the petitioner is entitled, as the party substantially prevailing in the proceeding, to $10 motion costs, and to $390 for referee's fees; the affidavit of the referee being found sufficient to support this charge as reasonable, in view of the nature and extent of the proceedings. No allowance may be made for stenographer's fees, since the provisions of section 3251 of the Code exclude such an allowance, and the disbursement would not be the subject of taxation. Shaver v. Eldred, 86 Hun, 52, 33 N. Y. Supp. 158; Griggs v. Guinn, 29 Abb. N. C. 144, 21 N. Y. Supp. 451. It would appear that upon a reference of this nature, in the absence of a stipulation whereby the stenographer's fees could be made a part of the referee's bill, the party paying the expenses of the reference may protect himself only by requiring that the minutes be taken personally by the referee.

Report confirmed. Motion upon supplemental report dismissed. Petitioner to have $10 motion costs, and allowance of $390 for referee's fees. Ordered accordingly.