[No. 11662.   Department Two.   March 20, 1914.]

THE CITY OF SEATTLE, *Appellant*, v. HARRY KRUTZ *et al.*, *Respondents.*[1]

JUDGMENTS—VACATION—MODIFICATION. The superior court has no power, two years after the satisfaction of an award in condemnation proceedings, to vacate the satisfaction and modify the award by adding interest and requiring the city to pay the additional sum into court for the benefit of the defendant; since the decree could be vacated or modified only within one year as provided by statute.

Appeal from an order of the superior court for King county, Humphries, J., entered October 3, 1913, vacating the satisfaction of a judgment and modifying a decree awarding compensation in condemnation proceedings. Reversed.

*James E. Bradford* and *Howard A. Hanson,* for appellant.

*James A. Haight,* for respondents.

MORRIS, J.—A verdict was rendered on June 30, 1910, in favor of respondents, for $23,487.45, as the value of certain lands required by the city for park purposes. Judgment was entered on this verdict on September 15, 1910, and on February 20, 1911, the city paid into court, for the benefit of the respondents, the amount of the verdict as returned, with $610.67 interest and $20.80 costs, the interest

[1]Reported in 139 Pac. 498.

being figured from the entry of the judgment on September 15, 1910. On the following day, respondent drew down the money and satisfied the judgment in full. On February 19, 1913, respondents again appeared in the action and filed what they termed a "motion to vacate satisfaction," moving the court to vacate the satisfaction of February 21, 1911, and to require the city to pay into court the further sum of $293.85, being the interest from June 30, the return day of the verdict, to September 15, the date of the entry of the judgment. This motion was supported by an affidavit, in which respondent Harry Krutz set forth that, when he drew down the money, he demanded this additional interest from the clerk of the court and, failing to receive it, signed the satisfaction of the judgment under protest, accepting the amount then paid only on account of the true amount he then considered due respondents. This motion was granted by the lower court, and an order entered requiring the city to pay into court, on behalf of respondents, the further sum of $293.59, from which the city has appealed.

Counsel discuss the time from which in condemnation cases interest should be computed. But that question cannot be decisive of this appeal, however it may be decided, as we cannot find any authority to sustain the action of the lower court in disturbing the first judgment in so far as it applied to the respondents and the amount to be received by them. We know of no statute or rule permitting a party to come into court two years after the entry and satisfaction of judgment in his favor, under which a court can, for any reason, modify the amount awarded by that judgment and provide for its amendment or modification by increasing the award; and until some such authority is shown us, we must hold against it. Judgments in condemnation procedure do not differ from judgments in the ordinary proceedings in law or equity. They become final, and any errors contained in them can only be corrected on appeal; or, if it is sought to vacate or modify them, it must be done within the one

year provided by law within which judgments may be modified or vacated. If a judgment on a promissory note should recite that it awarded interest in the sum of $610.67, and the amount including the interest is deposited in the registry of the court and is subsequently drawn down by the judgment creditor, and the judgment fully satisfied, even though, as contended here, it is done under protest with a demand for a larger sum, the judgment creditor would not be permitted to come into court two years thereafter and have that satisfaction vacated and the judgment modified so as to provide for additional interest in the sum of $293.59. If it cannot be done in that case, it cannot be done in this.

Not finding any authority to support the order of the lower court, it must be reversed. The judgment is reversed, and the proceedings remanded with instructions to dismiss.

CROW, C. J., MOUNT, PARKER, and FULLERTON, JJ., concur.