(No. 6192. May 3, 1935.)

J. L. RENFRO, Employee; F. M. BISTLINE, Appellant, v. S. M. NIXON, Respondent.

[45 Pac. (2d) 595.]

F. M. Bistline, for Appellant.

H. J. Swanson, for Respondent.

GIVENS, C. J.—F. M. Bistline, Esquire, an attorney of this court, as attorney for appellant Renfro in proceedings before the Industrial Accident Board, secured an award for $177.70 against appellant's employer, respondent Nixon; for which sum judgment, reciting that Bistline was attorney for Renfro, was regularly docketed as provided for by I. C. A., sec. 7–1108, April 1, 1930. Thereafter, and without Bistline's knowledge or consent, the judgment was paid by Nixon direct to Renfro, and satisfaction entered April 24, 1930. About October 19, 1932, Bistline moved to set aside such satisfaction of judgment to the extent of $57.30, in order to enforce his lien for attorney's fees for $50, under I. C. A., sec. 3–205, and recover costs advanced of $7.30. After certain preliminary matters hereafter detailed, such motion was denied, February 15, 1934. Hence this appeal.

An affidavit by Bistline in effect shows that Renfro was in 1930 insolvent and unable to pay the fee, and said Nixon would pay. Nixon denied these assertions and stated that Renfro had worked for him and that if he, Nixon, had been advised in time he could have protected himself herein by holding out sufficient moneys due to Renfro to pay the attorney's fees, and that he knew nothing of any claim of attorney's fees until the judgment had been paid by him.

The appeal herein, though entitled *Renfro and Bistline v. Nixon,* is in reality by Bistline alone, and respondent contends that the appeal is imperfect because Renfro has not been served as adverse party, relying on

*Dahlstrom & Portland Min. Co. v. Featherstone,* 18 Ida. 179, 110 Pac. 243. *Dahlstrom & Portland Min. Co. v. Featherstone* was, however, decided prior to the enactment of I. C. A., sec. 3-205, and it is apparent that the holding therein with regard to serving the client as an adverse party was based on the absence of a statute giving an attorney a lien for his fees. It is therefore not in point or controlling herein. The statute gives the lien on any judgment and the proceeds thereof, and cannot be affected by any settlement by the parties, before or after judgment. The statute does not outline the procedure for its enforcement; it is obvious, however, that the legislature did not mean to leave the attorney without a remedy or means of enforcing his lien which can only be discharged by payment (*Hansbrough v. D. W. Standrod & Co.,* 43 Ida. 119, 249 Pac. 897), and is not lost as against the judgment debtor though he pay the judgment having no actual notice of the lien. (*Hansbrough v. D. W. Standrod & Co.,* 49 Ida. 216, 286 Pac. 923.)

By I. C. A., sec. 43-1410, a judgment based upon an award of the Industrial Accident Board has the same effect as any other judgment and the lien statute is broad enough to give a lien thereon. (*Taylor v. Taylor,* 33 Ida. 445, 196 Pac. 211.)

To give effect to the satisfaction of the judgment filed herein would affect appellant's lien, which the statute expressly prohibits. The statute carries notice to every litigant that his attorney has a lien on the cause of action, verdict report, or judgment and the proceeds thereof. Respondent being, therefore, charged with notice of such right, paid at his peril without ascertaining if the lien had been discharged. (6 C. J. 792, sec. 404c, and cases cited in note, No. 64, therein.)

The only resistance by respondent to the lien is asserted lack of actual notice and laches. Constructive notice is sufficient to impose the lien. (*Smith v. Kessler,* 22 Ida. 589, 127 Pac. 172; 34 C. J. 96, sec. 256.) Conceding laches may bar the attorney's right to have the satisfaction set aside, no parties have died nor has such a length of time

elapsed herein, as occurred in *Neill v. Van Wagenen,* 54 N. Y. Super. 477, where the attorney waited eight years, or *Winans v. Mason,* 33 Barb. (N. Y.) 522, where seven years after his client had settled with the other party and satisfied the judgment of record before the attorney moved to set aside the satisfaction to enforce his lien. *Howett v. Merrill,* 49 Hun, 608, 1 N. Y. Supp. 894, appeal dismissed in 113 N. Y. 630, 20 N. E. 868, held a delay of five years too long, but in *Seattle v. Krutz,* 78 Wash. 553, 139 Pac. 498, one year was held not too long.

Respondent urges the satisfaction may not be set aside unless fraud or collusion is shown, and they may not be established because Renfro has not had his day in court herein relative thereto. The statute gives the lien and emphatically declares for its protection. To give effect to the satisfaction defeats the lien; to set it aside enforces the statute. The enforcement of the lien by this method herein finds ample support from the evident purpose of the statute, hence fraud or collusion are not requisite foundations. Appellant thus may properly rely on the statute and need not resort to allegation or proof of fraud.

An attorney's lien statute has legal sanction (6 C. J. 768), and proper procedure is to vacate the satisfaction of judgment and enforce the judgment for the amount of his lien (6 C. J. 798; *Taylor v. Taylor, supra*), and costs paid by the attorney are properly included. (*In re Wilson,* 12 Fed. 235; *Smith v. Cayuga Lake Cement Co.,* 107 App. Div. 524, 95 N. Y. Supp. 236; *Leask v. Hoagland,* 64 Misc. 156, 118 N. Y. Supp. 1035; *Anderson v. E. de Brackleer & Co.,* 25 Misc. 343, 55 N. Y. Supp. 721, 28 N. Y. Civ. Proc. 306; *Weed Sewing Machine Co. v. Boutelle,* 56 Vt. 570, 48 Am. Rep. 821; *Cohen v. Goldberger,* 109 Ohio St. 22, 141 N. E. 656; *In re Albrecht, Maguire & Mills,* 132 Misc. 713, 230 N. Y. Supp. 543.)

The order denying the vacation of the satisfaction of judgment is therefore reversed and the cause remanded, with instructions to the court to vacate the satisfaction of the judgment to the extent of $57.30 with legal interest on said

amount from April 1, 1930, in favor of appellant Bistline, and to satisfy his lien, the amount of said attorney's fees having been heretofore approved by the Industrial Accident Board as required by I. C. A., sec. 43–1502.

Costs awarded to appellant.

Budge, Morgan, Holden and Ailshie, JJ., concur.

#### ON PETITION FOR REHEARING.

(June 4, 1935.)

GIVENS, C. J.— Counsel for respondent urges that the appeal herein should be dismissed because taken by Bistline, who was not a party to the original action. He was, however, aggrieved by the satisfaction of the judgment, and sufficiently identified with the litigation to appeal to protect his lien. (*Washington County Abstract Co. v. Stewart*, 9 Ida. 376, 74 Pac. 955; *Oatman v. Hampton et al.*, 43 Ida. 675, 256 Pac. 529.)

 Respondent further contends that appellant had no lien because the judgment was not based upon an action, contending that the language of the lien statute, I. C. A., sec. 3–205, that an attorney's lien arises "from the commencement of an action," cannot apply to a proceeding before the Industrial Accident Board, such contention, however, is negatived by I. C. A., sec. 43–1410, which gives a judgment based on an award of the Industrial Accident Board the same effect as any other judgment, and sec. 3–205 gives the attorney a lien upon the judgment.

We are not concerned herein with whether the lien contended for herein attached prior to the judgment, hence respondent's point, even if well taken, which we do not decide, avails him nothing herein.

The petition for a rehearing denied.

Budge, Morgan, Holden and Ailshie, JJ., concur.

Second petition for rehearing denied.