WALLER N. ADAMS, Plaintiff, *v.* CLARE M. TORREY and Others, Individually and Doing Business as THOMAS, TORREY & GRIFFITH, and Others, Defendants, Impleaded with T. & G. ASSETS REALIZATION CORP., Appellant.

GOLDSMITH, JACKSON & BROCK, Respondent.

First Department, November 28, 1941.

*Chauncey E. Treadwell* of counsel [*William Biel*, attorney], for the appellant.

*Arnold J. Brock* of counsel [*Charles H. Levitt* with him on the brief; *Goldsmith, Jackson & Brock*], respondent in person.

TOWNLEY, J.   A motion was made to substitute counsel in the case of Adams v. Torrey.   The former counsel, Goldsmith, Jackson & Brock, asserted a lien.   To defeat the lien it was claimed that these counsel had been general counsel of T. & G. Assets Realization Corp.; that they had been paid $3,000 for their services; that on December 2, 1940, a statement of account was sent with the request that they be paid a large additional sum; that a dispute arose as to how much was due; that conferences were held until March 10, 1941, when the counsel wrote to the corporation that since the parties could not come to an agreement as to the amount to be paid there was no alternative but to commence an action.   The letter continued that counsel would withdraw immediately as attorneys for the company.   It was then said: " You will undoubtedly further recall that in the case brought by Adams (MacJannet) against Thomas & Griffith and T. & G. Assets Realization Corp. we have been acting as attorneys for the defendants and the services rendered in this action were specifically excluded from the bill which we rendered to the company so that some arrangements should be made concerning the defense of that action."   Thereafter the retiring attorneys brought an action in the Supreme Court for $20,000, less $3,000 admittedly paid.   The answer claimed that $3,000 was all that was due.   It is undenied that after the action was brought, however, and until the motion herein was made to substitute attorneys on May 19, 1941, the former attorneys continued to represent their client in this Adams v. Torrey case.   The most to be said of the attorneys' letter is that they were willing to withdraw from the case if the client desired it.

The claim of the former client on this appeal apparently is that counsel cannot represent a client in one case and at the same time sue that client for other unrelated work.   Of course, situations of this sort depend upon their facts.   The suit herein was based on a bill which did not include the services in the Adams action, and it was so understood.   In *Commercial Telegram Co.* v. *Smith* (57 Hun, 176) it was claimed that an attorney who attempted to enforce a lien could not succeed because he had instituted suit to recover for services rendered.   The court said: " And if that suit had included the claim now made by the plaintiff, that would have furnished a very satisfactory reason for dismissing this application; for the attorney could then very well be held to have elected to prosecute his remedy by action instead of by means of this summary proceeding.   But the statement made by him is that

the claims presented for determination in that suit are exclusive of that forming the basis of this proceeding; that this was reserved by him and not made a part of the demands for the recovery of which that suit was commenced and is now being prosecuted." So it was held that the lien was not lost.

The only way this lien could have been lost was by voluntarily withdrawing from the case. Such withdrawal was clearly not made. The very motion to substitute counsel establishes that.

The order, so far as appealed from, should be affirmed, with twenty dollars costs and disbursements.

O'MALLEY and COHN, JJ., concur; MARTIN, P. J., and DORE, J., dissent.

DORE, J. (dissenting). This appeal relates to the rights of attorneys, respondents herein, to a retaining lien on the papers of their clients relating to an action that is at issue and about to go to trial. Any right of the attorneys to a charging lien is not here in issue.

We think the attorneys lost their retaining lien by voluntarily withdrawing and instituting a plenary action against their former clients. The withdrawal was without qualification. On March 10, 1941, the attorneys wrote a letter to their clients stating: " In view of the fact that we are about to commence a litigation it seems only proper that we should at this time *withdraw as attorneys for the company* and you may consider this letter as such withdrawal, *to take effect immediately.*" (Italics mine.) That is a statement as plain as could be made that the attorneys forthwith withdrew as attorneys for the company T. & G. Assets Realization Corp., appellant herein.

The attorneys now contend that the last paragraph of the letter excepted from the withdrawal the one pending lawsuit, Adams v. Thomas & Griffith, and T. & G. Assets Realization Corp. We think the letter will not bear that interpretation. The last paragraph merely called the clients' attention to the Adams suit so that some arrangements could be made concerning the defense of that action, just as the paragraph immediately prior thereto reminded the clients to make some arrangement for filing the company's income tax return. In neither case, especially when the paragraphs are read with the above-quoted sentence, is any matter whatever excepted from withdrawal.

Immediately thereafter the attorneys instituted a plenary action against the clients to recover $17,000 as fees claimed for legal services rendered from February 11, 1938, to March 10, 1941, the date of the letter of withdrawal. That covered the whole period of their employment and the complaint alleges:

" *Third*. Between on or about February 11, 1938, and on or about March 10, 1941, plaintiffs, as co-partners aforesaid, performed professional services for the defendant herein at its special instance and request, which services were reasonably worth the sum of $20,000."

On December 2, 1940, three months before the letter of withdrawal and the institution of the plenary action, the attorneys had rendered an itemized statement which had excluded the one pending lawsuit. On June 5, 1941, three months after instituting the action, one of the attorneys verified an affidavit stating the firm had not intended to include in the action the one pending lawsuit. But neither the prior so-called bill nor the subsequent affidavit controls. The scope of the issues actually litigated against the clients is controlled by the complaint against them and it expressly covers by its terms all services rendered throughout the whole course of the employment from the date of its commencement to the date of the withdrawal.

By their own act the attorneys have waived their retaining lien. (*Robins* v. *Goldingham*, [L. R.] 13 Eq. 440; *Matter of H——*, 93 N. Y. 381; *Matter of Rieser*, 137 App. Div. 177 [First Dept.]; *Tuck* v. *Manning*, 53 Hun, 455 [First Dept., VAN BRUNT, P. J.].) In the *Robins* case (*supra*), Vice-Chancellor Sir R. MALINS said: " Now it is well settled that where a solicitor is discharged by the client he has a lien for his costs upon the papers in his hands, and can retain them till he is satisfied; but it is different where the discharge is by the solicitor."

DANFORTH, J., in *Matter of H——* (*supra*), said: " In other words, he discharged himself, and in such a case it is clear that an attorney cannot leave his client in the middle of a matter, because he does not supply him with money, or by reason of any other difficulty, without running the risk of losing the benefit of that relation."

The Adams suit was on the calendar to be reached for trial in the fall of 1941. It involves transactions that took place in 1932 and 1933 and requires extensive investigation in preparation for trial.

The order appealed from granted the substitution in the Adams action without prejudice to the retaining lien of the prior attorneys and referred the issue of the value of their services therein to an official referee. Having instituted a plenary action for the recovery of the value of their services, the attorneys should not be permitted to have a portion of their fee determined before an official referee in a summary proceeding.

The resettled order, so far as appealed from, should be reversed and the substitution granted unconditionally so far as it relates to any retaining lien of the prior attorneys.

MARTIN, P. J., concurs.

Order, so far as appealed from, affirmed, with twenty dollars costs and disbursements.