[No. 36979.   Department Two.   February 27, 1964.]

ANNA MARY HARRIS, *Respondent*, v. MILO T. HARRIS, *Appellant*.*

*Hamblen, Gilbert & Brooke*, by *Philip S. Brooke*, for appellant.

*Paine, Lowe, Coffin, Herman & O'Kelly*, by *Harold W. Coffin*, for respondent.

LANGENBACH, J.†—This is an appeal by the defendant-appellant from a second order modifying a decree of divorce and denying his petition for the elimination of alimony.

The parties were married in 1933. They had no natural children and adopted two boys—one is now of age and the other is 20 years old. The defendant is a doctor in Spokane, specializing in radiology.

*Reported in 389 P. (2d) 655.

†Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38) state constitution.

In 1957, the respondent wife sued for divorce. The decree was entered May 21, 1957. Prior thereto, the parties, with the advice of very competent counsel, entered into a property settlement agreement. This was included in and confirmed by the decree. It provided that the wife should receive the sum of $1,500 a month for alimony, which included $150 a month for each boy, until maturity. The payments were to be made until her remarriage or death. In addition, the wife received cash and property worth approximately $135,000, including $8,000, which was her separate property. The husband received the balance, with his professional business, which approximated $125,000.

Thereafter, the appellant remarried and now has a second wife and three small children. Prior to July 30, 1959, he filed a petition to modify the alimony provisions of the original decree, by reason of his remarriage and the birth of two children and the expectancy of a third. In addition, he was then contributing $200 a month toward the support of his mother. A hearing was had thereon and it appeared that the appellant had alleged that $500 a month would be fair and reasonable support for the respondent.

On July 30, 1959, accordingly, the decree of May 21, 1957, was modified by reducing respondent's alimony from $1,200 to $700 a month and the support of the minor son was eliminated, as his legal custody was transferred to the appellant. No appeal was taken from this order of modification.

In September, 1959, the younger son returned to his mother's home and was thereafter supported by her without financial assistance from appellant. Requests were made of him to contribute to this son's support, without success.

A second petition to modify the original decree of divorce and the order of July 30, 1959, was filed in August, 1962, requesting elimination therefrom all alimony for respondent. It alleged that respondent had approximately $165,000 in assets; that appellant had a second wife and three small children to support; that his income had decreased $4,500 annually and he had been compelled to use

capital funds and borrow money to pay alimony. The respondent answered, denying that there had been any changes in appellant's family since the prior hearing and order of modification of July 30, 1959.

A hearing was had on this second petition on October 30, 1962. Both parties appeared and produced records and testimony concerning investments and income. At the conclusion of the hearing, the court rendered an oral opinion. In part it stated:

" . . . Has there been such a change of circumstances of the parties at this juncture that the court should exercise that retained jurisdiction by further modifying the alimony provisions of the contract which have already been modified by another department of this court."

After reciting the changes as a basis for the modification order of July 30, 1959, the court stated:

" . . . there is that additional change upon his time, energy, and finances.

"Other than these things, there has been no material change in the situation of the parties, except some fluctuations in income.

" . . .

"I think that there is a sufficient change in circumstances of the parties to justify the court making some further modification of the prior orders of the court and of the property settlement agreement. But the language of that agreement is such that the court could not, by any stretch of the imagination, in my opinion, eliminate the alimony altogether at this time.

" . . . this original award was based not on a finding of the court as to the necessities of the parties or the ability to pay, but on the basis of the parties' own contract. . . . and only can it be disturbed if there are other intervening equities and necessities that require it."

The court made finding of fact No. 4, setting out the income of both parties as follows:

| "Net after alimony and income tax— | 1958 | 1959 | 1960 | 1961 |
|---|---|---|---|---|
| Dr. Harris: | $25,977.26 | $25,589.83 | $28,705.52 | $29,558.70 |

"Net including
alimony
after income
tax—
Mrs. Harris:     $15,501.52 $12,340.65 $13,285.81 $12,976.90"

For 8 months in 1962, appellant had $33,423.19. Respondent, for the same period, had $10,230.48, including alimony.

Finding No. 5 set out the property and values of each party.

Finding No. 10 stated in part that plaintiff is in ill health and under constant medical care of three doctors; has blacked out five times in a year; and is unable to stand on her feet any length of time.

Finding No. 11 stated in part:

". . . plaintiff has been required to pay substantial bills for the children. . . . an approximation of plaintiff's living expenses total $550.00. There is a sufficient change in the circumstances of the parties to justify the making of some further modification of the prior orders of the Court with reference to alimony. The Court must consider many things in determining what is a fair amount to allow as alimony and what adjustment to make. Taking together all the circumstances and facts relating to the parties, a reasonable amount to allow plaintiff for alimony is the sum of Four Hundred Fifty Dollars ($450.00) a month."

After summarizing the respondent's living expenses and requirements for necessities, the court allowed her $450 a month as alimony and denied the petition for elimination of all alimony. The decree for such second modification of the decree of divorce of May 21, 1957, was entered December 7, 1962. This appeal followed.

Error is assigned, first, to the court's refusal to eliminate all payment of alimony and allowing it in the sum of $450 a month; and, second, to the court's rejection of appellant's proposed findings of fact, conclusions of law and order modifying decree of divorce.

No error is assigned to any of the findings of fact or conclusions of law entered by the trial court. No findings are set forth in appellant's brief in connection with the

errors argued by the appellant. Under these circumstances, the findings of the trial court must be considered as established facts. Rule on Appeal 43.

In his brief, appellant states ". . . the sole question is whether alimony for the wife should be eliminated by reason of the substantial income she receives from her own investments."

Appellant concedes that his net income after payment of alimony and income taxes for the years 1958 to 1961 fluctuated from a low of $25,589.83 to a high of $29,558.70. In 1962, for 8 months, his gross income was $33,423.19; one half more of this amount for the entire year 1962 would approximate $50,000.

During this same period, the respondent had a net income, including alimony, which varied from a high of $15,501.52 to a low of $12,976.90. In 8 months of 1962, including alimony, her gross income was $10,230.48.

Appellant cites *DeRiemer v. Old Nat. Bank of Spokane*, 60 Wn. (2d) 686, 374 P. (2d) 973. This case merely holds that alimony and support provisions of property settlement agreements may be modified by the court under changed conditions. This is conceded by both parties, as a prior modification occurred herein, to the very apparent and evident satisfaction of both parties, as no appeal was taken from that order of modification. We are concerned with the circumstances under which a modification or elimination of alimony might be decreed.

Appellant also relies on *Morgan v. Morgan*, 59 Wn. (2d) 639, 369 P. (2d) 516, and argues that alimony is not a matter of right, and when the wife has the ability to earn a living, it is not the policy of the court to give her a perpetual right on her divorced husband's future income. It is immaterial whether the income of the wife is from her personal earnings or her investments.

He cites further from the *Morgan* case, p. 641, quoting with approval from *Young v. Young*, 47 Wn. (2d) 497, 288 P. (2d) 463:

" 'We have said many times that each case of this nature must necessarily depend upon its own facts and circum-

stances. *Memmer v. Memmer*, 27 Wn. (2d) 414, 419, 178 P. (2d) 720 (1947). The allowance of alimony is not governed by a fixed rule. For these reasons, prior decisions are helpful, but not necessarily controlling.' . . ."

"Where it appears that the trial court has fully considered all the facts and circumstances of the particular case, and has reached a solution thereof, the decision of that court will not ordinarily be disturbed unless it is clearly erroneous. . . ." *Memmer v. Memmer*, 27 Wn. (2d) 414, 419, 178 P. (2d) 720.

The respondent calls attention to the fact that the conditions and circumstances between the parties are essentially the same as they were before the court in 1959, with two exceptions. In 1962, the appellant was no longer required to support his mother, and there was some fluctuation in the value of his investments. In 1959, the appellant had his second wife and two small children with one in expectancy. At that time, the alimony was reduced from $1,200 to $700 when the appellant alleged in his modification petition that $500 a month would be fair and reasonable alimony. No appeal was taken from that order of modification.

Nevertheless, the trial court, in considering the 1962 petition for modification, re-examined the matter of alimony, the necessities of the wife and the ability of the husband. The trial court also adverted to the fact that the property settlement agreement had been entered into by the parties, with the assistance and advice of very capable and competent counsel. As stated in its oral decision, the court thought that the provision for alimony could only be " . . . disturbed if there are other intervening equities and necessities that require it."

The "intervening equities and necessities" were those which were before the trial court in July, 1959— namely, the second wife and minor children and support of mother. Undoubtedly they were considered by that court when the original alimony was reduced from $1,200 to $700 a month, and the appellant conceded that $500 a month would be fair and reasonable. If $500 a month was fair and

reasonable in 1959, the trial court, in the exercise of judicial discretion, could determine that $450 a month would be fair and reasonable in 1962.

The trial court, with the parties and record before it, determined that there was not such a change in the conditions and circumstances as to justify the elimination of the entire alimony for the respondent. Divorce actions and proceedings are governed by equitable principles; a reasonable latitude of judicial discretion may be exercised by the trial court in their disposition. After a study of the files and records and testimony of the parties, the judgment of the trial court appears just, fair and reasonable. It is affirmed.

OTT, C. J., DONWORTH, FINLEY, and HAMILTON, JJ., concur.