490 P.2d 320

**Sylvester E. PEROVITZ, Plaintiff-Appellant,**

**v.**

**Violet E. PEROVITZ, Defendant-Respondent.**

**No. 10350.**

Supreme Court of Idaho.

Oct. 29, 1971.

---

Stephen Bistline, Sandpoint, for plaintiff-appellant.

Everett D. Hofmeister, Lyons & Hofmeister, Sandpoint, for defendant-respondent.

SHEPARD, Justice.

This case is an appeal from an order modifying a divorce decree to grant the respondent former wife $50.00 per month as alimony. We reverse the order of the district court.

Appellant and respondent were married in 1945. Appellant then, and for many years thereafter, was an enlisted man in the armed forces. Respondent was a native of India, where the parties were married. A child was born the issue of that marriage in 1946. During 1948, respondent developed a mental illness and was confined in a state mental institution in Minnesota. The last time that appellant saw respondent was in the year 1950.

In 1953, the appellant sought a divorce from the respondent on the ground of her permanent and incurable insanity, which was so certified by the superintendent of the institution in which she was confined. Although respondent did not appear in the said action either in person or by counsel, a guardian had been appointed for her and she was represented by the prosecuting attorney of Bonner County.

The district court in the original divorce decree awarded the custody of the minor child of the parties to the appellant herein and the custody of the child remained in and with the appellant until she reached the age of majority. The record herein discloses that the appellant herein supported the child during her minor years. The original divorce decree discloses that the only property of the parties at that time was the sum of $800.00, which had been accumulated by savings from a Class "Q" allotment made by the appellant from his pay in the armed forces. The trial court awarded that property to the respondent herein.

The only question for resolution herein is the effect of that portion of the original divorce decree which states:

" * * * and is further awarded, for the use and benefit of the defendant [respondent], the proceeds of any and all future allotment or allotments *made by the plaintiff* for the use and benefit of Violet E. Perovitz." (Emphasis supplied)

By 1966, the respondent had recovered from her mental illness and entered a motion to amend the original divorce decree therein asking for $600.00 per year back alimony and $300.00 per month future alimony. Respondent's theory here and in the court below was that the above quoted portion of the original divorce decree constituted an award of alimony.

Appellant appeared specially and moved to quash the motion for modification. He contends that the district court had no jurisdiction to modify the original divorce decree by granting alimony since the above

quoted portion of the decree did not constitute an award of alimony.

After hearing on the motion for modification, the court below ordered that the decree of divorce be modified and that respondent be granted $50.00 per month future alimony, but that she recover nothing by way of past alimony.

■ I.C. § 32–706 authorizes the award of alimony in the discretion of the district court and alimony may also be awarded when a divorce has been secured on the ground of permanent and incurable insanity, I.C. § 32–804. I.C. § 32–706 authorizes the modification of a divorce decree from time to time, but if the decree contains no provision for an award of alimony, no modification of the decree can be made once the time for appeal has elapsed. McDonald v. McDonald, 56 Idaho 444, 457, 55 P.2d 827 (1936); Jordan v. Jordan, 87 Idaho 432, 437, 394 P.2d 163 (1964). Obviously then, the above cited language of the decree is determinative as to the result herein.

■ We note initially that the language sought to be interpreted as awarding alimony is in fact no award of any specific sum. Further, there is no time certain at which or within which any specific sum of money must be paid. In fact, the language used would seem to connote that the appellant may voluntarily make some payment in the future of some indeterminate amount of money for the use and benefit of the respondent. It is obvious that no action could be brought by way of contempt or otherwise to have forced appellant to make any payment of any sum under the authority of the above cited language of the decree. While there appears to be some split of authority as to whether a court may award alimony in the form of periodic monthly payments or may require a lump sum payment as and for alimony, it is clear that in Idaho either alternative may be utilized. Enders v. Enders, 36 Idaho 481, 211 P. 549 (1922). Respondent has cited no authority to the effect that language as used in the case at bar is to be construed "alimony." It is implicit that "alimony" must in any event be awarded in the form of a lump sum certain or periodic payments of sums certain or require the performance of a particular act which may be in place and stead of a particular sum of money, such as the purchase of insurance in a certain amount. 27A C.J.S. Divorce § 235.

Following the hearing on the motion for modification, the trial court held that the grant of a "Class 'Q' " allotment in the original divorce decree constituted an alimony award. Such conclusion on the part of the trial court is not supportable in consideration of the federal statutes governing and authorizing the making of allotments by personnel of the armed services. A Class "Q" allotment may be made by an enlisted member of the armed services to provide assistance to "certain dependents." 10 U. S.C.A. § 894 (1927); 32 C.F.R., Ch. 5, Part 538 (Revised 1954). The statutes further provide that dependents include wives or children, and further provide that any such allotment must cease at the time that the relationship of the husband and wife ceases. The ability of the appellant to allot and the ability of the respondent to receive any allotment terminated at the time of the divorce decree. It was beyond the power of the trial court to provide for or require the payment of an allotment after the parties were divorced, since such action was and is contrary to the federal statute. The above cited statutes also authorize the making of a Class "E" allotment to a divorced wife, but such is a purely voluntary act on the serviceman's part. 32 C.F.R., Ch. 5, Part 538.

■ At trial the uncontroverted testimony of the appellant discloses that appellant and respondent lived together as husband and wife less than three years. The child of the parties was supported entirely by the appellant until she reached the age of majority. Appellant has remarried and has two minor children. He is employed and his net take-home pay is approximately

$101.00 per week. He and his present family live modestly in a small home and his entire income is necessary to the support of his present family. After 23 years, this ghost from the past has arisen to haunt and make demands upon her former husband for alimony. It is the opinion of this Court that the decision of the court below serves no societal interest, and in any event, since the original divorce decree was devoid of any alimony award, the trial court exceeded its jurisdiction in attempting to modify the original divorce decree to award alimony.

The decision of the lower court is reversed. Costs to appellant.

McQUADE, C. J., and McFADDEN and DONALDSON, JJ., concur.

SPEAR, J., sat but retired prior to decision.