[No. 1741-1. Division One—Panel 1. March 12, 1973.]

LENA F. BROWN, *Respondent,* v. CLARENCE P. BROWN, *Appellant.*

*Perlman & Wisman, Inc., P.S.* and *Robert G. Perlman,* for appellant.

*Leslie M. Yates,* for respondent.

FARRIS, J.—Mr. Brown appeals from an order of the trial court reinstating alimony payments in the sum of $500 per month to his former wife. The final payment of alimony pursuant to an order of the court fixing alimony at $500 per month for a period of 30 months was made on or around September, 1970. On February 25, 1972, a new show cause and petition to modify the alimony award was filed. On May 26, 1972, the trial court ordered

> that the decree of divorce entered herein is modified by reinstating an alimony award of $500.00 per month to be paid by defendant to plaintiff on the first day of each month commencing June 1, 1972.

It is from this order that the appeal is taken. The findings of the trial court are not challenged. The only question is whether there is any basis in law for reinstating an alimony award when the petition to modify was filed after the final payment had been made pursuant to an alimony provision from which no appeal was taken.

RCW 26.08.110 provides in part:

> Such decree as to alimony and the care, custody, support and education of children may be modified, altered and revised by the court from time to time as circumstances may require.

It is argued that this statute should be interpreted to mean that any award of alimony, whether lump sum or permanent, can be modified at any time if there is a material change in the circumstances of the parties.

A provision of alimony does not give one a perpetual lien on the future earnings of a former spouse. *Morgan v. Morgan,* 59 Wn.2d 639, 369 P.2d 516 (1962). The divorce decree entered on January 25, 1966, "set aside and can-

celled" the "bonds of matrimony" that had existed between the parties.

> Such decree, . . . as to the dissolution of the marital relation and to the custody, management and division of property shall be final and conclusive upon both parties subject only to the right to appeal as in civil cases, . . .

RCW 26.08.110. The alimony provision in a divorce decree merely permits an obligation to support to survive the effective date of the divorce decree limited, however, to the specific language of the provision, unless the provision is "modified, altered and revised" by subsequent order of the court or until it is discharged by performance in full.

We hold that the question here was forever resolved when the final obligation under the last entered order of the court was satisfied in full and no timely appeal was taken. In so holding, we do not ignore the dicta in *Fleckenstein v. Fleckenstein*, 59 Wn.2d 131, 366 P.2d 688 (1961) and *Hudson v. Hudson*, 8 Wn.2d 114, 111 P.2d 573 (1941). We merely find that the question has never before been squarely before the court.

A divorce decree to which no appeal is taken finally and forever terminates all rights and obligations of one spouse to the other except as the decree specifically defines a residual of those rights and obligations. A residual in the form of alimony is subject to modification pursuant to RCW 26.08.110, but if there is no modification during the term of the alimony award and no appeal to the failure to modify, the obligation is forever extinguished when met in full.

Reversed.

JAMES and CALLOW, JJ., concur.

Petition for rehearing denied April 30, 1973.