641 P.2d 1003

**Frank Edward MERCER,
Plaintiff-Respondent,**

v.

**Lois Ionia MERCER,
Defendant-Appellant.**

No. 13581.

Supreme Court of Idaho.

March 4, 1982.

Dean E. Miller, Caldwell, for defendant-appellant.

Alan J. Coffel, Homedale, for plaintiff-respondent.

BISTLINE, Justice.

On September 10, 1976, Frank Edward Mercer filed an action for divorce against Lois Ionia Mercer, hereinafter referred to, respectively, as the husband and the wife. During the trial the parties entered into a marital settlement agreement concerning property rights[1] and stipulations regarding spousal support and the wife's attorney's fees. Both parties were represented by counsel in the divorce proceedings.

The marital settlement agreement was incorporated by reference into the decree of divorce which was entered on March 31, 1978. The decree provided, inter alia, that, pursuant to the stipulations of the parties, the husband was to pay the wife $300.00 per month support beginning April 1, 1978, and ceasing November 1, 1978. All payments by the husband to the wife were timely made according to the decree.

On June 6, 1979, the wife moved for modification of the alimony award. Her supporting affidavit explained that the time limit of the alimony provision was occasioned by a mutual verbal understanding that the wife would shortly become eligible for social security benefits, which benefits did not materialize. The district court denied the wife's motion for modification, stating:

> "that the evidence does not show a permanent and substantial change in circumstances of the parties since the entry of the Decree of Divorce *and for the further reason that* under the terms of the settlement agreement between the parties *any obligation of . . . support . . . ended on November 1, 1978. No appeal was taken from the Decree of Divorce and there is no alimony obligation to modify.*
>
> "Further, the express terms of the agreement preclude modification on the

---

1. Although the date on the first page of the marital settlement agreement is the "21st day of September, 1977," it appears that the wife did not sign the agreement until the time of trial, March 21, 1978.

theory that one party to the agreement assumed a state of circumstances which were not made a condition or covenant of the agreement." (Emphasis supplied.)

Concluding that the trial court was correct in its second holding, above emphasized, we affirm.

■■■ The wife argues that the trial court should have on its own motion retained jurisdiction beyond the term fixed for the final payment of alimony. However, such an argument is properly made only on an appeal of the original decree. *See Nielsen v. Nielsen,* 87 Idaho 578, 394 P.2d 625 (1964) (reversing *on appeal* a decree awarding alimony payments limited to one year's duration). *See also, In re Marriage of Morrison,* 20 Cal.3d 437, 143 Cal. Rptr. 139, 573 P.2d 41 (1978); *In re Marriage of Kelley,* 64 Cal.App.3d 82, 134 Cal. Rptr. 259 (1976). The wife also argues that the court has such power regardless of there not being any formal provision in the divorce decree retaining jurisdiction. We believe that that proposition has been heretofore settled against her contention.

The primary issue with which this Court must concern itself is one of jurisdiction—whether the court had jurisdiction to modify fixed-term spousal support after the expiration of the term.[2] At the time the Mercers were divorced, the statute providing for alimony, I.C. § 32–706, provided that "the court may, from time to time, modify its orders in these respects."[3] Under this provision, Idaho case law has long held that when the original divorce decree contains no provision for an award of alimony, a court has no authority to subsequently modify that decree to provide for an award of alimony.[4] *Perovitz v. Perovitz,* 94 Idaho 453, 455, 490 P.2d 320, 322 (1971); *McDonald v. McDonald,* 56 Idaho 444, 55 P.2d 827 (1936); *Mathers v. Mathers,* 42 Idaho 821, 248 P. 468 (1926). In *Jordan v. Jordan,* 87 Idaho 432, 437, 394 P.2d 163, 166 (1965), the Court restated the holding in *McDonald* that:

> "where the initial decree did not award alimony, absent an appeal from the decree, and after lapse of the statutory time for modification or amendment of the decree, *a trial court is not authorized under the law to entertain a petition to modify the provisions of that decree.*" (Emphasis added.)

Similarly, this Court has held that when an original divorce decree providing for alimony is modified by an order terminating alimony payments and no appeal is taken from that order, there is no residual authority in the trial court to later on allow alimony. *Jordan, supra.* There simply is no longer an action pending between the parties and hence the parties are no longer before the court.

At the wife's request, we have closely re-examined *Jordan,* in which case there was a concurring and dissenting opinion. We continue to adhere to its teachings. We are persuaded in this regard both by this Court's past decisions and by observing that the *Jordan* dissent was largely hinged upon the language in the decree [5] which was construed by the dissenting justice to mean that the alimony issue would remain an open question—to be turned off and on as

---

2. Because we agree with the trial court that it had no jurisdiction to modify the divorce decree, it is unnecessary to consider the other issues raised by the parties on appeal.

3. I.C. § 32–705 is the section currently governing the award of alimony in the State of Idaho.

4. Alimony is distinguishable from child support in this respect. In child support cases a court may make a valid order to support children after a decree is entered even though no provision for support is made in the decree. *Application of Martin,* 76 Idaho 179, 279 P.2d 873 (1955).

5. In *Jordan* the final decree provided for 60 monthly payments of alimony, ending on April 6, 1959, with the proviso that the court, "upon proper representation," *before the expiration of time* would "reconsider the question of alimony." 87 Idaho at 443, 394 P.2d at 177. On timely motion the court did reconsider, but the court held against her showing, from which she did not appeal. Then, when she again sought modification three years later, the court held itself to be without jurisdiction, as above discussed.

the trial court deemed appropriate. Much that was written in the separate opinion otherwise was in agreement with Idaho cases before and since *Jordan*, and with cases from other jurisdictions. *See Eckert v. Eckert*, 299 Minn. 120, 216 N.W.2d 837 (1974); *McClure v. McClure*, 4 Cal.2d 356, 49 P.2d 584 (1935); *Garver v. Garver*, 102 Ohio St. 443, 133 N.E. 551 (1921). *See also* 27A C.J.S. Divorce § 238 (1959 and Supp. 1980). In *Ethridge v. Ethridge*, 604 S.W.2d 789 (Mo.App.1980), the court stated:

> "There is no difference in the case where no maintenance was given in the original decree, and the case, such as the one now before us, where maintenance was given for a limited term and that term has come to an end.
>
> . . . .
>
> "Under similar statutory provisions to our own, the California courts have held that the court's power to re-institute alimony expires with the term for which it was originally adjudged, *absent an express retention of jurisdiction. In re Marriage of Morrison*, 20 Cal.3d 437, 143 Cal.Rptr. 139, 573 P.2d 41 (banc 1978); *Reichardt v. Reichardt*, 186 Cal.App.[2d] 808, 9 Cal.Rptr. 225 (1960); *Simpson v. Simpson* [134 Cal.App.2d 219, 285 P.2d 313, 314, 315], *supra*. Appellant has cited us to no cases holding the contrary, nor has our own research disclosed any." 604 S.W.2d at 790–91 (emphasis added).

In *Brown v. Brown*, 8 Wash.App. 528, 507 P.2d 157 (1973), the court stated:

> "A divorce decree to which no appeal is taken finally and forever terminates all rights and obligations of one spouse to the other except as the decree specifically defines a residual of those rights and obligations. A residual in the form of alimony is subject to modification pursuant to RCW 26.08.110, but if there is no modification during the term of the alimony award and no appeal to the failure to modify, the obligation is forever extinguished when met in full." 507 P.2d at 158–59.

■ A trial court ordinarily, and absent conditions not alleged here, is without power to modify an alimony award beyond the duration of the time fixed by the original decree for payment of alimony, provided that those payments have been made and there has been no appeal from the final decree which declared the obligation, and fixed its limited duration.

The denial of the wife's motion to modify the divorce decree is affirmed. It being the concensus of the Court that this appeal was not frivolous, no attorney's fees are allowed.

BAKES, C.J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.