660 P.2d 928

Kenneth G. FRAZEE, Plaintiff,

v.

Elaine FRAZEE, Defendant,

and

Reginald R. REEVES,
Petitioner-Appellant,

v.

Kenneth G. FRAZEE,
Plaintiff-Respondent.

No. 14042.

Supreme Court of Idaho.

Jan. 28, 1983.

Rehearing Denied April 12, 1983.

**464**

Alvin Denman of Denman & Reeves, Idaho Falls, for petitioner-appellant.

Franklin N. Smith, of Albaugh, Smith, Pike, Idaho Falls, for plaintiff-respondent.

SHEPARD, Justice.

This is an appeal from an order of the district court denying petitioner Reeves a lien for attorney fees against the property of respondent Frazee, whose wife was represented by Reeves during a divorce action. We affirm.

The Frazees sought a divorce before the magistrate court which, following a stipulated property settlement, issued a decree of divorce drafted by Reeves, the attorney for defendant Mrs. Frazee. That decree required Kenneth Frazee to pay Elaine Frazee $3,000 in cash in six monthly installments of $500 each, beginning July 1, 1979, and it required Kenneth Frazee to pay to Reeves $1,000 "as a portion of defendant's reasonable attorney's fees."[1] The divorce decree itself recited that "counsel for defendant [Elaine Frazee] have withdrawn as attorneys of record herein."

During the following months and prior to January 4, 1980, Kenneth Frazee paid all but $300 of the $3,000 required by the decree of divorce. On January 7, 1980, Reeves filed a notice of attorney's lien in the Frazee v. Frazee action in the amount of $2,080. He also filed a motion to foreclose that lien, supported by an affidavit stating merely that he had billed his client, Elaine Frazee, for services in the sum of $2,080, that the bill had not been paid, and that Kenneth Frazee had also refused to pay such sum to Reeves. Following additional proceedings, Kenneth Frazee tendered the $1,000, plus interest, which the judgment had required him to pay to Reeves, and that tender was accepted by Reeves. The magistrate court ultimately denied Reeves' claim of lien for $2,080 against Kenneth Frazee, which order was appealed to the district court and affirmed except for the sum of $300, which remained owing from Kenneth Frazee to Elaine Frazee at the time Reeves filed his notice of lien. Reeves appeals here from the order denying his claim of lien against Kenneth Frazee. No cross-appeal is taken from the district court's allowance of a lien in favor of Reeves against Kenneth Frazee in the amount of $300.

▮ Preliminarily, we note that pursuant to *Skelton v. Spencer,* 102 Idaho 69, 625 P.2d 1072, *cert. denied,* 454 U.S. 894, 102 S.Ct. 390, 70 L.Ed.2d 208 (1981), Reeves was not required to file an independent action but could file his claim of attorney's lien in connection with the principal case, *i.e.,* the Frazee divorce proceedings.

▮ A lien for attorney's fees can be either a possessory or a charging lien. *Nancy Lee Mines, Inc. v. Harrison,* 93 Idaho 652, 471 P.2d 39 (1970). The possessory or retaining lien is of common law origin and allows an attorney to keep possession of documents, money or other property obtained in his professional capacity until he receives payment for his professional services. *Nancy Lee Mines, Inc. v. Harrison, supra; Curtis v. Richards,* 4 Idaho 434, 40 P. 57 (1895). Such a retaining lien is passive and not enforceable by foreclosure and sale. *Ross v. Scannell,* 97 Wash.2d 598, 647 P.2d 1004, 1008 (1982); *Midvale Motors, Inc. v. Saunders,* 21 Utah 2d 181, 442 P.2d 938 (1968); S. Speiser, Attorneys' Fees § 16:13 (1973). An attorney's charging lien did not exist in Idaho at common law. *Kerns v.*

---

1. *Mifflin v. Mifflin,* 97 Idaho 895, 556 P.2d 854 (1976), held that in such case the wife's attorney fees should be paid from the total community property prior to equitable division of the property. But since here the record indicates such fees were stipulated to as between the parties and no cross-appeal is taken therefrom, we will not disturb that aspect of the decree.

*Washington Power Co.,* 24 Idaho 525, 536, 135 P. 70, 73 (1913). *See also Ross v. Scannell, supra; Merchants' Protective Association v. Jacobsen,* 22 Idaho 636, 127 P. 315 (1912). However, such has been codified in Idaho by I.C. § 3–205, which provides in pertinent part:

> "From the commencement of an action, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor and the proceeds thereof in whosoever hands they may come; and can not be affected by any settlement between the parties before or after judgment."

■ A charging lien is a lien for the attorney's "services rendered in procuring a judgment, decree, or award for his client, which attaches to the client's cause of action, verdict and judgment and the proceeds thereof" (Speiser, *supra,* at § 16:14; *accord, Ross v. Scannell, supra; Nancy Lee Mines, Inc. v. Harrison, supra* ), is not dependent upon possession, and is capable of adjudication and enforcement (Speiser, *supra,* at § 16:14).

Almost the entire argument of appellant Reeves is built upon the authority of *Renfro v. Nixon,* 55 Idaho 532, 45 P.2d 595 (1935). There Renfro, an injured employee, secured an award from the then Industrial Accident Board against his employer Nixon in the sum of $177. Thereafter, without the consent or knowledge of Renfro's attorney Bistline, the employer paid the amount of the judgment directly to the employee and satisfaction thereof was entered. Bistline moved to set aside the satisfaction in order to enforce his lien for attorney fees. Renfro was at that time insolvent and unable to pay the fee. The only defense asserted by the employer to the lien was lack of actual notice and laches. The court held that the satisfaction should be vacated and the judgment enforced for the amount of the lien. We note that no defense was asserted that the amount of claimed attorney's fees was unliquidated, and the clear implication contained therein is that such attorney's fees were set by the Industrial Accident Board. I.C. § 43–1411 (1932) (current version at I.C. § 72–804).

By contrast, in the instant case there is nothing to indicate that attorney's fees have ever been adjudicated. Indeed, the record here indicates that Reeves merely sent a bill to his client, and that when such bill was not paid, Reeves attempted collection thereof from the opposing party—this, despite the considerable amount of property transferred between the parties as a result of the divorce decree and the fact that Reeves specifically withdrew coincident with and as a part of that same divorce decree.

■ Reeves asserts that he may claim any sum in fees without the necessity of proving the reasonableness of such fees in an adjudicative process and that he may then levy against the property of the opposing party, who is a total stranger to the contract under which Reeves claims money. We decline to so interpret the attorney's charging lien statute, and to the extent that *Renfro v. Nixon* provides any support for such claim, it is overruled.

The ethical and policy considerations involved in a construction of attorney's lien statutes were recently before the Washington Supreme Court in *Ross v. Scannell,* 97 Wash.2d 598, 647 P.2d 1004 (1982). The court there dealt with the practice of liens of attorneys being attached to property for unadjudicated and unliquidated claims:

> "Although we recognize the common problems faced by attorneys in collecting their well deserved fees, the reasons for our hesitancy are apparent. The result of our approving the practice would allow members of the Bar to cloud title to real property with 'claims of attorney lien' without resort to any adjudication of such claims. The potential for economic coercion by attorneys is obvious. . . .

> \*  \*  \*  \*  \*  \*

> "In an age when ethics of the bar are scrutinized in every quarter, we must hold that the result reached by the trial

court [allowing the unperfected attorney lien] is one neither contemplated by the attorney lien statute nor in accord with the public interest." 647 P.2d at 1008–1009.

■ The charging lien of an attorney is equitable in nature and triable to the court. *Skelton v. Spencer, supra; Nancy Lee Mines, Inc. v. Harrison, supra.* It is also clear that a decree of divorce is entered pursuant to the equitable powers of the court. *Karr v. Karr,* 628 P.2d 267 (Mont. 1981), *cert. denied,* 455 U.S. 1016, 102 S.Ct. 1709, 72 L.Ed.2d 132 (1982); *Cookson v. Cookson,* 246 Or. 118, 424 P.2d 218 (1967); *Harris v. Harris,* 63 Wash.2d 896, 389 P.2d 655 (1964); *Hiltbrand v. Hiltbrand,* 68 Idaho 275, 193 P.2d 391 (1948). The equitable source of the claimed charging lien necessitates that an attorney take affirmative steps in an adjudicative process to perfect and reduce his lien to a judgment or order of the court. Here no such process was followed, but rather Reeves sought a writ of execution against Kenneth Frazee without any opportunity for Frazee to challenge the amount or propriety thereof. *See* due process cases, *Little v. Streater,* 452 U.S. 1, 101 S.Ct. 2202, 68 L.Ed.2d 627 (1981); *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Armstrong v. Manzo,* 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965).

Here the magistrate and district court, sitting as courts of equity and considering the factors militating in favor of each party, had ample evidence upon which to base the conclusion that the award of an attorney's lien was unwarranted. Reeves himself drafted the decree, which required $3,000 in cash "to be paid to defendant by plaintiff" in monthly installments for six months. Under the literal language of that decree drafted by Reeves, the plaintiff Kenneth Frazee had no alternative but to make payment to the defendant Elaine Frazee month by month; if he paid any other person, he left himself open to a contempt citation. Further, Reeves had withdrawn as Elaine Frazee's counsel. The record discloses that Elaine Frazee herself had indicated to Kenneth Frazee's counsel that she was no longer represented by Reeves and that Reeves had no authority to collect any sums on her behalf. Hence, Reeves had abundant notice of Kenneth Frazee's obligation under the decree and the time within which it was required to be paid, but nevertheless waited fully six months before notifying either of the parties of his claim of attorney's lien.

In sum, an attorney's charging lien is not passive as is the possessory or retaining lien. A charging lien is only brought about by some affirmative act of the party asserting the lien in reducing it to a judgment or order of the court. We note the difference in the instant case from the situation in *Skelton v. Spencer, supra.* There a "fund" was in existence representing the sums that the attorney had obtained for his client. Here no such "fund" existed, since the moneys had already been paid to the client. Again, we note that since Reeves had immediately withdrawn as attorney, no authority existed to pay him any sum of money on behalf of his erstwhile client.

The orders of the district court are affirmed. Costs and attorney's fees to respondent.

DONALDSON, C.J., and McFADDEN, J. (Ret.), concur.

McFADDEN, J. registered his vote prior to his retirement on August 31, 1982.

BAKES, J., concurs in the result.

BISTLINE, Justice concurring and dissenting.

There is much in the Court's opinion with which I agree, but I do not see any necessity for overruling *Renfro v. Nixon,* 55 Idaho 532, 45 P.2d 595 (1935), to any extent whatever. The facts gleanable from the Court's opinion in my view are more easily followed in the findings of Judge Black, which I summarize and interpolate with dates and other facts.

(1) Stipulation signed by both parties and their attorneys, June 5, 1979, drawn by Reginald Reeves on stationery of Denman & Reeves.

(2) Decree of divorce entered, June 7, 1979, embodying the property provisions of the stipulation, and plaintiff-husband to pay defendant-wife $3,000, payable $500 monthly beginning July 1, 1979, and plaintiff-husband to pay Denman & Reeves $1,000 due before June 1, 1980, on wife's attorney's fees. *No mention of amount due Denman & Reeves from wife.* Denman & Reeves withdraw as attorneys for wife.

(3) Time expires for motion for new trial and other post-judgment motions, June 17, 1979. None filed.

(4) Time expires for appeal, July 18, 1982. None filed.

(5) Time expires for Rule 60(b) motions, December 7, 1979. None filed. Case is closed other than for issuance of writs of execution to collect the monetary judgments. There are no awards of alimony or child support involved. *Mercer v. Mercer,* 102 Idaho 816, 641 P.2d 1003 (1982); *Compton v. Compton,* 101 Idaho 328, 333, 612 P.2d 1175, 1180 (1980) ("In this case these time limits have long since passed."); *Perovitz v. Perovitz,* 94 Idaho 453, 490 P.2d 320 (1971).

(6) The $1,000 of attorney's fees was paid by the plaintiff-husband and is not an issue.

(7) Reeves, formerly wife's attorney, files in the deed action a claim of lien upon the money due defendant-wife under the judgment in the sum of $2,080.00, January 15, 1980. Service not made upon his former client, the wife. Service made only upon husband's attorney at time of divorce.

(8) Reeves moves for foreclosure of his lien, August 20, 1980. Service the same as on January 15, 1980. Supports it with affidavit that Reeves, following entry of divorce decree, billed his former client $2,080, that he was not paid by her, and then filed his notice of lien as aforesaid.

Judge Black concluded on that set of facts:

(1) That no recovery was had by the defendant as a result of the judgment within the purview of I.C. § 3–205, in that the decree of divorce only amounted to a realignment of community property already owned.

(2) That the claim of lien was not filed until almost seven months after the decree of divorce was entered and the realignment of property formerly community thereby effectuated. (*Renfro v. Nixon,* 55 Idaho 532, 45 P.2d 595 (1935).)

(3) That Reeves, the wife's attorney, is obliged to first bring an independent action against his former client to establish the amount of any fee owed him, and to foreclose his lien therefor, if any.

I fully agree with Judge Black's conclusions. His holding on laches by reason of time is further fortified by Reeves' failure to establish any claim of lien in the stipulation he drafted and the decree based thereon. Whether called waiver in the first instance, or thereafter called laches, Reeves certainly had the opportunity to protect himself and to put plaintiff-husband on notice of his claim of lien against the $3,000 sum. What better time to have done so than in the stipulation signed by the parties themselves? If not at that time, then why not notice served upon the plaintiff-husband within a reasonable time? Seven months thereafter, long after the case was at an end for all purposes other than issuance of execution, and after the $3,000 was to have been fully paid, was, as a matter of law, unreasonable.

Liens are allowed in many areas, and in most the statutory provisions which allow the lien also require the perfection of the lien, and further may require timely suit brought thereon.

I.C. § 45–301 provides a farm laborer's lien against crops, and § 45–302 requires perfection of the lien by filing notice of claim thereof with the county recorder within 90 days after the close of work or labor. The lien expires if suit thereon is not brought within six months after perfection, I.C. § 45–303.

I.C. § 45–401 provides for a logger's lien against saw logs for work done upon the same, and § 45–402 provides a like lien against lumber for those who assist in turning logs into lumber. Similarly, I.C. § 45–403 gives a landowner a lien for the unpaid

purchase price of logs removed from his land. Perfection of the logger's lien and lumberman's lien is required by filing notice of claim within 60 days after the close of work and an owner's claim of lien must be filed within 90 days after cutting. The liens in all three instances expire if suit is not brought within six months. I.C. § 45–410.

I.C. § 45–501 provides for the mechanic's and materialman's lien required by article 13, section 6 of the Idaho Constitution. Perfection of the lien is required by filing a notice of claim within 60 days, § 45–507, and the lien expires if suit is not brought within six months after filing. I.C. § 45–510.

An exception is I.C. § 45–701, which gives a lien right to hospitals against injured persons' causes of action, which lien must be perfected by filing within 90 days after discharge of the patient from the hospital, I.C. § 45–702, but here two years after filing is allowed in which to commence action—this time limitation seemingly written to parallel the time limitation governing the bringing of personal injury actions (although it does not).

There are countless other liens allowed by statute, and generally, all require 60 to 90 days for perfection, and six months thereafter in which to bring suit. I.C. § 3–205 does not address perfection or duration, but *Renfro v. Nixon* recognizes laches. Laches is, of course, an equitable defense to what this Court has called an equitable remedy. Idaho law has recognized that laches as a defense will generally follow analogous statutory provisions, and so viewing the circumstances presented here, laches was a bar to the claim of lien—for failure of perfection and failure to take timely action. All of which assumes that in an action for dissolution of marriage there is any need or right to invoke the provisions of I.C. § 3–205. I have agreed with Judge Black that it is inapplicable, and for certain inapplicable in an action which has long since gone to a final conclusion and is no longer pending except for the limited purpose of enforcement of an in personam judgment for the payment of money.

If, and I repeat, *if,* a lien is proper in these circumstances, it would be an absurdity of the law to allow an attorney to collect attorney's fees allegedly owed him from his client from either the client or any third party until the amount of those fees is shown to be liquidated, as by an agreement or a note or by a judgment.

Where the statutory law gives counsel representing a wife a right to obtain attorney's fees from her husband in a proper case, there is no room for application of I.C. § 3–205. Once the attorney utilizes I.C. § 32–704 and obtains its benefits, if those benefits are deemed insufficient, the remedy is by appeal, and not by pursuit of a claim of lien—especially where the amount thereof is unliquidated. In short, Judge Black made a 100 percent accurate resolution of the issues presented, and, other than that there is no cross-appeal, his decision should be reinstated.

If, as might happen, an attorney gets sand-bagged by the former litigants who might conspire to defeat a fee, Judge Black correctly says go to an independent action and there establish if you can, the amount of your fee, and your claim to a lien. His reasoning is sound; moreover, the file is closed, other than for proceedings under writs of execution.

Reaching the same result as the Court reaches, and hence voting to affirm (although I would prefer to see reinstatement of Judge Black's decision), I am not persuaded to vote for the allowance of attorney's fees on the appeal.

I cannot agree that Reeves did not attempt to reduce his lien to a judgment or order of the court, nor can I agree that Reeves merely sought a writ of execution for the total amount claimed without giving Kenneth Frazee an opportunity to challenge the amount or propriety of the lien. Reeves' notice of lien was filed on January 15, 1980, and claimed "an attorney's lien of $2080.00 upon the judgment rendered herein on June 7, 1979, against plaintiff [Kenneth Frazee], and upon all money due from plaintiff therein . . . ." In my opinion,

Reeves clearly attempted to reduce the lien to a judgment or order of the court by his notice of lien followed by his motion to foreclose, filed on August 20, 1980, and which requested from the court "an order foreclosing the lien of defendant's attorneys." The notice and motion thereof were sent to plaintiff's attorney of record, Franklin N. Smith. Further proceedings were held in connection with the motion by Reeves, which initially resulted in an order by the magistrate allowing the lien. However, upon the plaintiff's motion for reconsideration, the magistrate denied the attorney's lien. Thus, not only did Kenneth Frazee have the opportunity to challenge the propriety of the lien, he successfully did so. Furthermore, the record does not support Frazee's contention and the majority's suggestion that Reeves sought a writ of execution for the entire amount claimed against his former client. The only writ of execution that appears in the record recites that "on June 7, 1979, DENMAN & REEVES, as attorneys recovered judgment . . . against KENNETH G. FRAZEE . . . ." The writ of execution noted that $1,000 was owing under the judgment and ordered that the judgment be satisfied "out of the personal property of said debtor [Kenneth Frazee] . . . ." That $1,000 was paid to Reeves and is not an issue on this appeal. The language of *Skelton v. Spencer,* 102 Idaho 69, 625 P.2d 1072, *cert. denied,* 454 U.S. 894, 102 S.Ct. 390, 70 L.Ed.2d 208 (1981), to my mind so muddied the waters in this area that I would not condemn Reeves' attempt at pursuing his fee as he did, nor would I penalize his attorney for presenting the appeal.[1] The magistrate court did not, the district court did not, and I do not.

---

1. Prior to the release of the opinions, I have reread appellant's brief. In form it is superior to most briefs we see. It is fortified by an abundance of authority, other than dealing with Judge Black's views paralleling mine as to the availability of such a remedy in a divorce action. In that regard it has to be remembered that the appeal is not brought here from Judge Black's decision. The brief is centered around the *Renfro* and *Skelton* cases. Much reliance is placed on the latter wherein at least some of the claims for fees were not liquidated when the claim was filed against the fund. The brief does not adequately suggest any defense of the laches defense recognized in *Renfro*—but, neither does the Court's opinion.