877 P.2d 282

**In re the Marriage of Judith Ann EVITT, Petitioner–Appellee,**

v.

**Charles H. EVITT, Respondent– Appellant.**

Nos. 1 CA–CV 91–0441, 1 CA–CV 91–0524.

Court of Appeals of Arizona,
Division 1, Department A.

April 7, 1994.

Reconsideration Denied June 27, 1994.

Kenneth A. Winsberg, P.C. by Kenneth A. Winsberg, Phoenix, for petitioner-appellee.

Bellamak & Mitchell by Ferris W. Bellamak, Scottsdale, for respondent-appellant.

OPINION

VOSS, Judge.

We hold in this opinion that the trial court had jurisdiction to extend an award of spousal maintenance when the wife filed her petition for modification after the husband had made his final maintenance payment but before the expiration of the maintenance period specified in the decree.

**FACTS AND PROCEDURAL HISTORY**

The marriage of Appellee Judith Ann Evitt ("Wife") and Appellant Charles H. Evitt ("Husband") was dissolved on September 11, 1987. In the decree, the court ordered Husband to pay Wife spousal maintenance in "the sum of two thousand two hundred dollars ($2,200.00) per month for thirty-six (36) months." The spousal maintenance payments commenced "on the 15th day of the month following entry of [the decree]."

Husband made the first spousal maintenance payment on September 15, 1987, and made the last payment on August 15, 1990. On September 14, 1990, Wife filed a Petition for Modification of Spousal Maintenance, requesting continued spousal maintenance.

At trial, Husband moved to dismiss the petition, arguing that the court did not have jurisdiction to consider a request for modification filed after the date on which the last maintenance payment was due and paid. Wife responded that she had thirty-six months in which to file a petition for modification, and that September 14, 1990, was the last day of that thirty-six-month period.

The trial court agreed with Wife and denied Husband's Motion to Dismiss. The

court cited Arizona Revised Statutes Annotated ("A.R.S.") section 25–319(C), and reasoned that because maintenance was awarded for thirty-six months, and the petition was filed on the last day of the thirty-sixth month, the court had jurisdiction to hear the petition.

The court awarded Wife additional maintenance for two years at $2,200.00 per month beginning on September 15, 1990. The court also awarded Wife $2,500.00 for attorney's fees and costs. On appeal, Husband does not challenge the trial court's award of attorney's fees, nor does he dispute the amount of maintenance awarded; therefore, we only consider whether the trial court had jurisdiction to modify the maintenance award.

## DISCUSSION

Husband argues that the court's jurisdiction to consider Wife's petition for modification ended with his final maintenance payment. He contends that A.R.S. sections 25–327(A) and 25–319(C) are the applicable statutes. Section 25–327(A) states in relevant part:

> Except as otherwise provided in subsection F of § 25–317, the provisions of any decree respecting maintenance or support may be modified only as to installments accruing subsequent to notice of the motion for modification to the opposing party and only upon a showing of changed circumstances which are substantial and continuing.

Section 25–319(C) states: "The court shall maintain continuing jurisdiction over the issue of maintenance for the period of time maintenance is awarded."

Husband cites *Schroeder v. Schroeder*, 161 Ariz. 316, 778 P.2d 1212 (1989), as the dispositive case in interpreting A.R.S. sections 25–327(A) and 25–319(C), and as support for his argument. Husband contends that in *Schroeder* the court concluded that jurisdiction to modify maintenance remains "within the period of time periodic payments are decreed." Husband attempts to use this language taken out of context to argue that the period of time for filing a petition for modification is restricted to "the period of time in

which payments are to be made"; therefore, he argues, when the payments are completed, the court's jurisdiction to consider modification ceases. We disagree.

This was not the holding nor the intention of the *Schroeder* court, nor is it the function of A.R.S. sections 25–327(A) or 25–319(C). In *Schroeder*, the court determined whether a spousal maintenance order could be modified when the order did not specifically state whether it was modifiable. The *Schroeder* court held:

> [I]f a decree is silent as to modifiability, the trial court may, *within the period of time periodic payments are decreed*, modify the decree to either shorten or lengthen the term of periodic payments upon a showing of a substantial and continuing change of circumstances affecting the purpose underlying the original spousal maintenance order.

161 Ariz. at 323, 778 P.2d at 1219 (emphasis added).

We do not read the emphasized phrase of the *Schroeder* court's holding as deciding the issue of when a request for modification must be filed, nor is the time period defined in A.R.S. section 25–327(A). That statute merely stands for the principle that the trial court may modify maintenance, but may not apply the modification retroactively. *See Jarvis v. Jarvis*, 27 Ariz.App. 266, 268, 553 P.2d 1251, 1253 (1976).

The court in *Schroeder* stated that it was unnecessary to interpret A.R.S. section 25–319(C) because the issue before it did not deal with the time period in which a petition for modification must be filed. The issue before us requires us to interpret A.R.S. section 25–319(C). That statute defines the time period in which the court has jurisdiction to modify a spousal maintenance award. It provides that "[t]he court shall maintain continuing jurisdiction over the issue of maintenance for the period of time maintenance is awarded." A.R.S. section 25–319(C) (1991). This statute supports the trial court's reasoning and Wife's argument that the court had jurisdiction to rule on Wife's petition for modification. Maintenance was awarded for thirty-six months; the last day of the thirty-six-month period was Septem-

ber 14, 1990—the date on which Wife filed her petition. Even though the payments were to be made on a certain date each month, the decree stated the duration of the payments in terms of a period of time rather than by stating the date on which the obligation would terminate. The trial court correctly ruled that the period of time for which maintenance was awarded was thirty-six months. Wife filed her petition for modification on the last day of the thirty-six-month period; thus the court had jurisdiction to consider her petition.

As further support for his argument, Husband cites *Long v. Long,* 17 Cal.2d 409, 110 P.2d 383 (1941); *Mercer v. Mercer,* 102 Idaho 816, 641 P.2d 1003 (1982); *Matter of Marriage of Wrench,* 98 Or.App. 352, 779 P.2d 195 (1989); * and *Brown v. Brown,* 8 Wash. App. 528, 507 P.2d 157 (1973). None of those cases convinces us that the trial court in the case before us lacked jurisdiction to hear Wife's modification petition because none of those courts relied on a statute similar to A.R.S. section 25–319(C).

Wife requests this court to award her costs and attorney's fees incurred in this appeal pursuant to A.R.S. section 25–324. This statute allows the court to award costs and fees after considering the financial resources of both parties. In the record before us, we do not have any information on the current financial resources of the parties; therefore, we decline to award such costs and fees.

GRANT, P.J., and EHRLICH, J., concur.

---

* The *Wrench* case illustrates the difference between spousal maintenance awarded for a period of time as opposed to maintenance ending with a payment on a specific date. In *Wrench,* the decree awarded the wife $600 per month commencing with "the first day of May and continuing on the same day of each month thereafter until, and including, October 1, 1988, or the death of the petitioner, whichever shall first occur." 779 P.2d at 196. The court held that because under Oregon law, a motion to modify spousal support must be made before the support obligation terminated, the wife's petition filed October 11, 1988, was untimely.