2 P.3d 147

**DEFENDANT A, Petitioner,**

v.

**IDAHO STATE BAR, Respondent.**

**Dennis Goldberg, M.D., Petitioner,**

v.

**Idaho State Bar, Respondent.**

Nos. 25586, 25587.

Supreme Court of Idaho.

May 15, 2000.

Ramsden & Lyons, Coeur d'Alene, for petitioner Defendant A. Michael E. Ramsden argued.

Michael J. Oths, Idaho State Bar, Boise, for respondent.

TROUT, Chief Justice.

This is a Petition for Review from the decision of the Professional Conduct Board (Board) finding Defendant A had violated the Rules of Professional Conduct with regard to his representation of Dennis Goldberg, M.D. (Goldberg). Both Goldberg and Defendant A have asked this Court to review the Board's decision. Goldberg argues the Board incorrectly determined Defendant A had violated only two of the professional conduct rules, while Defendant A argues the Board should have determined he had committed no violations at all. Because we find Defendant A committed no ethical violations, we do not follow the findings and recommendations of the Professional Conduct Board and order this disciplinary proceeding dismissed.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Goldberg engaged Defendant A in December of 1995 to handle his divorce proceedings. Defendant A filed a divorce complaint on behalf of Goldberg in 1996. On May 9, 1997, the magistrate judge granted Defendant A an attorney fees lien which documented an attorney fee owed to Defendant A by Goldberg in the amount of $23,000. Thereafter, on November 3, 1997, Defendant A filed a motion to withdraw. As a basis for the motion, Defendant A stated: "This motion is based on the fact that there has been no payment of attorney fees to the above named law firm by the client and that there has been a breakdown in the client/attorney relationship." On December 9, 1997, the magistrate judge signed the decree of divorce and the order granting the motion for leave to withdraw. After withdrawing as counsel for Goldberg, Defendant A offered to let Goldberg's new attorney copy any and all materials in his file, provided the new attorney paid the copying costs. Defendant A retained the original file.

In January 1998, Goldberg filed a complaint against Defendant A with the Idaho State Bar. After investigation, the assistant bar counsel sent out a letter concluding that she found no ethical violations and dismissing Goldberg's complaint. Goldberg requested a review of that decision and, on March 18, 1999, a hearing committee of the Board heard the appeal at a telephone hearing. On May 3, 1999, the hearing panel entered its decision finding Defendant A had violated IRPC 1.16(d) for failing to turn over Goldberg's file to Goldberg's new attorney,

and IRPC 3.3(a) for making a false representation to a tribunal. Based on these findings, the Board decided Defendant A should receive a private reprimand and be placed on probation for a period of 6 months, during which he would have to obtain three hours of Ethics CLE credits approved by the Bar. Following this decision, both Goldberg and Defendant A sought review by this Court.

## II.

## STANDARD OF REVIEW

When this Court reviews the determination of the Profession Conduct Board, the Court conducts an independent review of the record and assessment of the evidence. *Matter of Jenkins*, 120 Idaho 379, 384, 816 P.2d 335, 340 (1991). "In addition, in conducting our independent review and assessment of the record we must apply the clear and convincing burden of proof standard historically required in attorney discipline actions." *Id.* However, great weight is accorded to the findings and recommendations of the Board. *Id.* at 383, 816 P.2d at 339.

## III.

## DISCUSSION A.

A. *The Board did not err in concluding insufficient evidence existed to support most of Goldberg's claims.*

Goldberg argues the Board erred in concluding clear and convincing evidence did not exist to support a finding Defendant A had violated the IRPC with regard to competence, diligence, communication, attorney fees, and client under a disability. However, a review of the record reveals little or no evidence of a violation by Defendant A of those Rules. Specifically, there is no clear and convincing evidence Defendant A violated Rule 1.1 regarding competence. The record reveals Defendant A prevailed at trial regarding the separate property status of certain items of real property at issue in the divorce proceedings. Additionally, while Goldberg argues Defendant A was incompetent because he failed to do certain things requested by Goldberg, Goldberg fails to provide any evidence, beyond the basic allega-

tions, that the failure to do those things constituted incompetent representation. Therefore, we accept the Board's finding on the issue of competence.

Second, the Board determined that while there was no clear and convincing evidence Defendant A violated IRPC 1.3 concerning diligence, there was some evidence Defendant A had not been as diligent as he should have been. Specifically, the Board referenced a letter from Goldberg's bank regarding their inability to contact Defendant A in order to obtain certain documents. Additionally, Goldberg argues Defendant A was not diligent because he failed to file the divorce decree for four months following a court order to file it within ten days. While the letter from Goldberg's bank certainly supports the Board's finding that Defendant A could have been more diligent, the filing of the divorce decree is a different matter. The record reveals the order referred to by Goldberg only states the divorce decree was to be drafted and sent to the defendant within 10 days, not that the decree had to be filed within 10 days. Therefore, this does not support a finding of a lack of diligence. We accept the Board's finding that while no ethical violation occurred, Defendant A could have been more diligent in his representation of Goldberg.

Third, while Goldberg alleges Defendant A violated Rule 1.4 regarding communication, he provides little or no argument or support for this allegation. In fact, the billing records reflect numerous telephone and office conferences between Defendant A and Goldberg. We accept the Board's finding of no ethical violation regarding Defendant A's duty to communicate with Goldberg.

Fourth, Goldberg alleges Defendant A violated Rule 1.5 concerning fees. According to the Board's decision, they noted Defendant A's fees were set out in detail and the matter was referred to fee arbitration. The Board then assumed the fee arbitration process took care of the matter. Goldberg argues the Board inappropriately assumed the matter was resolved by fee arbitration, but fails to provide any support for that argument, other than a general allegation

that sufficient evidence exists to support finding Defendant A violated the Rule regarding fees. Because there is no evidence this matter is not being handled in the fee arbitration process, we accept the Board's finding on this issue.

■ Fifth, Goldberg argues Defendant A violated IRPC 1.14 regarding a client under a disability. While the Board noted the disability aspect is mentioned repeatedly by Goldberg in his letters to the Bar, the Board also found nothing in the record to substantiate Goldberg's claim of a disability, the extent of any disability, and its effect. There is also no evidence the judge believed there was such a disability as would require special representation. We accept the Board's finding that Defendant A did not violate the rule regarding representation of a client under a disability.

■ Finally, Goldberg argues Defendant A violated Rule 1.15 regarding Safekeeping of Property by applying funds owed to Goldberg to Goldberg's attorney fees without Goldberg's permission. With regard to this issue, the Board adopted by reference the decision letter issued by Jo–Ann Bowen, the assistant bar counsel. In her letter, Bowen specifically found the payments referred to were clearly reflected in Goldberg's monthly billing statement and there was no evidence Goldberg had complained about those payments prior to the filing of the grievance. Additionally, Bowen noted Defendant A's assistant had submitted an affidavit in which she stated she had been present when Goldberg gave Defendant A permission to apply those funds to the attorney fees bill. Based on these findings, we accept the Board's finding that there is no clear and convincing evidence Defendant A violated the Rule regarding safekeeping of property

## B. The Board erred in finding a violation of IRPC 1.16(d).

■ Defendant A argues the Board erred in determining he violated Rule 1.16(d) regarding termination or withdrawal from representation by failing to turn over all parts of Goldberg's file, except that portion constituting work product. Defendant A argues the Board erred because it incorrectly determined Idaho law required Defendant A to turn over his entire file to the new attorney. According to Defendant A, Idaho law allows an attorney to retain a passive possessory lien in the client's file after terminating representation, in order to secure payment of the bill.

■ In its decision in this matter, the Board found that keeping the file until payment is made would cause extreme difficulty for the client and would automatically prejudice the client. Therefore, the Board found clear and convincing evidence of a violation of IRPC 1.16(d). The Rule states:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. *The lawyer may retain papers relating to the client to the extent permitted by other law.*

IRPC 1.16(d) (emphasis added). The language of the Rule indicates the Rule is not violated if "other law" permits the attorney to retain the file. Idaho has recognized an attorney's right to retain a possessory lien in the client's file. For example, in *Frazee v. Frazee*, 104 Idaho 463, 660 P.2d 928 (1983), the Court stated:

> A lien for attorney's fees can be either possessory or a charging lien. The possessory or retaining lien is of common law origin and allows an attorney to keep possession of documents, money or other property obtained in his professional capacity until he receives payment for his professional services. Such a lien is passive and not enforceable by foreclosure and sale.

*Id.* at 464, 660 P.2d at 929 (citations omitted). Because Idaho law allows an attorney to retain a client's file until the attorney has received payment, the Board incorrectly determined that Defendant A erred in refusing to turn over his file.

The Idaho State Bar recognizes the general rule allowing an attorney to retain a file in

order to insure payment, but urges us to recognize the exception that an attorney may not retain the file if doing so will result in imminent prejudice to the client. Even if the "imminent prejudice" exception is applied in this case, the Board still erred in its determination of this issue. There is nothing in the record, let alone clear and convincing evidence, to support a finding that Defendant A's retention of the file resulted in imminent prejudice to Goldberg. While Defendant A initially refused to allow access to Goldberg's file without payment of the bill, it is apparently undisputed by the parties that Defendant A eventually offered Goldberg's new attorney access to the file and allowed him to copy the file at the new attorney's expense. While the retention of the file may have caused some inconvenience to Goldberg, the inconvenience did not rise to the level of imminent prejudice. We find no ethical violation by Defendant A in retaining Goldberg's file in order to insure payment of the outstanding attorney fees.

C. *The Board erred in finding a violation of IRPC 3.3(a).*

■ Defendant A argues the Board erred in two respects in finding he had violated IRPC 3.3(a) by making a false representation to a tribunal. First, Defendant A argues the Board erred because the statement, when viewed from the position of the magistrate judge was true, not false. Secondly, Defendant A argues even if the statement was technically false, it was not material to the magistrate's decision to grant the motion for leave to withdraw. IRPC 3.3(a) provides "A lawyer shall not knowingly make a false statement of material fact or law to a tribunal."

In his motion for leave to withdraw, Defendant A stated: "This motion is based upon the fact that there has been no payment of attorney fees to the above named law firm by the client and that there has been a breakdown in the client/attorney relationship." Despite this statement, Defendant A freely acknowledges that two payments had been made by Goldberg to Defendant A. These payments were in the amount of $586.60 in November 1996 and $4,085.96 in May of 1997.

Defendant A argues, however, the statement was not false when viewed from the position of the magistrate judge. Defendant A points out that after the above payments were made, Goldberg still owed $23,000 to Defendant A and this was the amount set forth in the attorney's lien granted by Judge Luster. No further payments had been made on the account prior to the time of the filing of the motion to withdraw and Judge Luster knew no further payments had been made because the amount set forth in the divorce decree was also $23,000. Thus, Defendant A asserts the magistrate judge knew Goldberg owed $23,000 and the statement made in the motion, viewed from the perspective of the magistrate was true, not false.

There is a major flaw in this argument. The language used in the motion to withdraw is "no payment." The motion does not say no payment has been made since the filing of the attorney's lien. The record does not contain the order granting the attorney's lien; therefore, we can't determine whether the magistrate judge knew, when considering the motion to withdraw, that he was only to consider the time since the lien was entered. Consequently, Defendant A's argument on this point is not persuasive.

■ Secondly, Defendant A argues the statement was not material because, in order to be material, the statement must have been of consequence to the judge's decision to grant the motion to withdraw. According to this Court's prior cases, the test for materiality is whether

(a) a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question; or

(b) the maker of the representation knows or has reason to know that its recipient regards or is likely to regard the matter as important in determining his choice of action, although a reasonable man would not so regard it.

*Watts v. Krebs,* 131 Idaho 616, 620, 962 P.2d 387, 391 (1998) (quoting *Edmark Motors, Inc. v. Twin Cities Toyota,* 111 Idaho 846, 848, 727 P.2d 1274, 1276 (Ct.App.1986) (citing RESTATEMENT (SECOND) OF TORTS § 538(2) (1977))). Defendant A alleges his statement

was not material because the magistrate based his decision on the breakdown of the attorney/client relationship, not on the statement concerning the lack of payment of fees. While the order granting the motion to withdraw does not state the grounds for granting the motion, it is undisputed the magistrate judge was aware no payment had been made on the outstanding $23,000 bill. It is difficult to see how the knowledge that two relatively small payments had been made prior to filing the attorney's lien could have reasonably affected the judge's decision to grant the motion to withdraw. Consequently, the statement, while technically false, was not material to the magistrate's decision. Therefore, we find Defendant A committed no ethical violation in his affidavit in support of this motion to withdraw.

## IV.

### CONCLUSION

Based on the foregoing discussion, we find Defendant A committed no ethical violations in his representation of Goldberg. Because we find no ethical violations, we impose no sanctions and order the grievance dismissed.

Justices SILAK, SCHROEDER, WALTERS and KIDWELL concur.