# In the Matter of the Marriage of
## PARK,
### *Respondent,*
### *and*
## PARK,
### *Appellant.*

## (No. 47918, CA 14234)

602 P2d 1123

S. David Eves, Corvallis, argued the cause for ap-
llant. With him on the brief were Ringo, Walton,
ves & Gardner, P.C., Corvallis, and Lester L. B.
eers, Lebanon.

Donald P. Reiling, Albany, argued the cause and
ed the brief for respondent.

Before Schwab, Chief Judge, and Buttler and Gillette, Judges.

BUTTLER, J.

**BUTTLER, J.**

Husband appeals from an order modifying the original dissolution decree herein by renewing spousal support, the original provisions for which had expired prior to the filing of the motion to modify, and by increasing child support. He also contends the trial court erred in awarding wife attorney fees in connection with the modification proceedings. We affirm without discussion the modification of the decree with respect to child support, and the trial court's award of attorney fees; we modify the order insofar as it provides for spousal support.

The dissolution decree was entered November 12, 1976, and required husband to pay wife by way of spousal support the sum of $500 per month for a period of 24 months commencing December 1, 1976. The last payment under that provision of the decree was due and paid November 1, 1978. On December 6, 1978, wife filed a motion for modification of the decree requesting that the original decree be modified by requiring husband to pay wife spousal support in the sum of $500 per month for an additional 24 months. In its order modifying the decree, the trial court ordered husband to pay wife $500 per month for a period of 12 months, commencing April 1, 1979. The question presented is whether the trial court had authority to renew spousal support payments pursuant to a motion which was not filed until after the expiration of the limited period of time during which spousal support was required to be paid under the original decree.

No Oregon appellate court has addressed this question. It is well settled, however, that if the original decree provides for no spousal support, no such support can be added to the decree at a later time, the leading case being *McFarlane v. McFarlane,* 43 Or 477, 73 P 3, 75 P 139 (1903), followed by *Saurman v. Saurman,* 131 Or 117, 282 P 111 (1929); *Peake v. Peake,* 242 Or 386, 408 P2d 206 (1966); and *Johnson v. Johnson,* 5 Or 10, 419 P2d 28 (1966). Whatever the implica-

[369]

tion may be, these cases state that the court may only "modify" a decree, but may not "amend" it. In *McReynolds v. McReynolds,* 24 Or App 891, 547 P2d 664 (1976), this court held that where spousal support is awarded for a specified term, the court may modify the obligation, including an extension of the duration of support, where the motion to modify was filed prior to the time the original decree called for its termination.

None of those authorities disposes of the question before us, nor does the applicable statute, ORS 107.135(1)(a).[1] There is, however, a rationale to the cases: spousal support is an incident of the marriage relationship which survives a termination of the relationship only if provided for in the decree of dissolution; if the decree provides for support the provisions therefor may be modified at a later date where circumstances justify the modification because a duty to support exists at the time modification is sought. Where, however, no support is awarded at the time of the dissolution decree, neither spouse has a duty to support the other; that duty terminated with the dissolution of the marriage. It would seem to follow that where the original dissolution decree provided for support for a specified period of time, once that period has expired, the former spouse who was required to pay support is no longer obligated to support the other. In other words, the support requirements may be modified so long as the duty to support exists, but not thereafter.

Following that rationale, it is clear in this case that the husband's duty to support the wife had expired prior to the time she filed a motion to modify that

---

[1] ORS 107.135(1)(a) provides:

"(1) The court has the power at any time after a decree of annulment or dissolution of marriage or of separation is granted, upon the motion of either party and after service of notice on the other party in the manner provided by law for service of a summons, to:

"(a) Set aside, alter or modify so much of the decree as may provide for the appointment and duties of trustees, for the custody, support and welfare of the minor children, or for the support of a party * * *."

uty, and the motion came too late. The statutory language authorizing courts to "alter or modify so much of the decree as may provide for * * * the support of a party" has remained substantially unchanged for many years. As pointed out above, the Oregon courts consistently have held that where no spousal support was required in the original decree, none could be awarded thereafter; yet the legislature has not changed that rule.

We see no meaningful distinction between a case where the duty to support terminated because it was not provided for in the original decree, and a case where it terminated by the express terms of the decree. In either case, there will be situations where, because of changed circumstances subsequent to the termination of the duty, a reasonable argument may be made that support ought to be awarded. Yet none may be awarded by "amendment" because there would exist no duty to support at that time.

The order of the trial court modifying the dissolution decree is modified by deleting therefrom paragraph 2, which requires husband to pay spousal support to wife. Except as so modified, the order is affirmed.

Affirmed as modified.