In the Matter of the Marriage of

**WOITA,**
*Appellant - Cross-Respondent,*
*and*

**WOITA,**
*Respondent - Cross-Appellant.*

(D-7298; CA A50591)

778 P2d 504

Warren C. Deras, Portland, argued the cause and filed the briefs for appellant - cross-respondent.

Karen A. Berkowitz, Hillsboro, argued the cause for respondent - cross-appellant. With her on the brief was Oregon Legal Services Corporation, Hillsboro.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Husband appeals and wife cross-appeals the trial court's modification order, by which husband was directed to pay wife spousal support of $330 per month. We agree with husband that the trial court had no authority to impose the support obligation, and we reverse in part.

The parties' marriage was dissolved in 1976. The judgment provided:

"[Husband] shall pay to [wife] as and for alimony the sum of $300 per month commencing April 1, 1976, and payable on the first day of each month thereafter until [wife's] death, remarriage or until such time as this court shall determine that [wife] has sufficiently recovered from her emotional illness so as to enable her to obtain and maintain substantial gainful employment, whichever event shall first occur."

In 1978, the court entered a modification order, which states:

"That the decree of this court entered on April 6, 1976, is hereby modified by deleting therefrom paragraph 7 of such decree which requires [husband] to pay to [wife] the sum of $300 per month."

Wife initiated this modification proceeding in July, 1988, seeking reinstatement of husband's spousal support obligation. The decisive question is whether the trial court had authority, under ORS 107.135(1)(a), to award spousal support in a modification proceeding when there was no existing support obligation. ORS 107.135(1)(a) provides, in relevant part:

"The court has the power at any time after a decree of annulment or dissolution of marriage or of separation is granted, upon the motion of either party and after service of notice on the other party in the manner provided by law for service of a summons, and after notice to the Support Enforcement Division when required pursuant to subsection (7) of this section, to:

"Set aside, alter or modify so much of the decree as may provide * * * for the suppport of a party."

In *McFarlane v. McFarlane*, 43 Or 477, 73 P 203, 75 P 139 (1903), the court held that, under the similar predecessor to ORS 107.135(1)(a), spousal support cannot be awarded in a modification proceeding if none was awarded in the original

judgment. That holding has been reiterated over the years, recently in *Pope and Pope,* 301 Or 42, 46, 718 P2d 735 (1986).

In *Park and Park,* 43 Or App 367, 602 P2d 1123 (1979), *rev den* 288 Or 335 (1980), we addressed the related question of whether the court had authority to extend the period of spousal support specified in the original judgment when the wife moved for modification after that period had expired. After discussing *McFarlane v. McFarlane, supra,* and later cases that followed its reasoning, we said:

> "None of those authorities disposes of the question before us, nor does the applicable statute, ORS 107.135(1)(a). There is, however, a rationale to the cases: spousal support is an incident of the marriage relationship which survives a termination of the relationship only if provided for in the decree of dissolution; if the decree provides for support the provisions therefor may be modified at a later date where circumstances justify the modification because a duty to support exists at the time modification is sought. Where, however, no support is awarded at the time of the dissolution decree, neither spouse has a duty to support the other; that duty terminated with the dissolution of the marriage. It would seem to follow that where the original dissolution decree provided for support for a specified period of time, once that period has expired, the former spouse who was required to pay support is no longer obligated to support the other. In other words, the support requirements may be modified so long as the duty to support exists, but not thereafter.
>
> "Following that rationale, it is clear in this case that the husband's duty to support the wife had expired prior to the time she filed a motion to modify that duty * * *.
>
> "We see no meaningful distinction between a case where the duty to support terminated because it was not provided for in the original decree, and a case where it terminated by the express terms of the decree. In either case, there will be situations where, because of changed circumstances subsequent to the termination of the duty, a reasonable argument may be made that support ought to be awarded. Yet none may be awarded by 'amendment' because there would exist no duty to support at that time." 43 Or App at 370-71. (Footnote omitted.)

The question here is somewhat different in that the support obligation was terminated by a modification order rather than by the terms of the original judgment. Wife

emphasizes that and other distinctions between this case and the *McFarlane* and *Park* situations. Husband responds:

"A case need not be a 'spotted cow' case on the facts to establish a controlling rule of law. The legal reasoning of *Park* is as applicable to this case as it was there. This court expressly found a 'rationale' to the cases to be that 'the support requirements may be modified so long as the duty to support exists, but not thereafter.' 43 Or App at 370. The Supreme Court declined review. That rule controls this case. Here the duty to support ended with the order of June 13, 1978, more than ten years prior to commencement of the present proceeding, and the authority to modify ended with it."

We agree, and we hold that the trial court lacked authority to award spousal support.[1]

Husband also assigns error to the trial court's award of attorney fees to wife. We agree that, in the light of our disposition of the spousal support issue, wife is not entitled to attorney fees.

Husband makes two other assignments of error, both of which are moot in the light of our disposition. One of the two assignments that wife makes in her cross-appeal is also moot, and the other has no merit.

On appeal, order vacated; affirmed on cross-appeal. No costs to either party.

---

[1] In his opinion letter, the trial judge invited us to overrule *Park and Park, supra.* The invitation is declined.