In the Matter of the Marriage of

WRENCH,
*Appellant,*
*and*

WRENCH,
*Respondent.*

(D8405-63416; CA A50422)

779 P2d 195

Gary J. Zimmer, Portland, argued the cause for appellant. With him on the brief were Martha J. Hoffman and Kennedy, King & Zimmer, Portland.

Donald J. Winfree, Portland, argued the cause and filed the brief for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

The trial court dismissed wife's motion to modify the spousal support provision of the dissolution judgment on the ground that the motion was untimely. Wife appeals, and we affirm.

Paragraph 3 of the judgment provides:

" [Husband] shall pay to [wife] for her support the sum of $600 per month, to be paid into a bank account opened by [wife] in her own name, commencing with the payment not later than the first day of May, 1985 and continuing on the same day of each month thereafter until, and including, October 1, 1988, or the death of petitioner, whichever shall first occur."

Husband made the required payments, including the last one on October 3, 1988.[1] On October 11, 1988, wife filed this motion. Under *Park and Park,* 43 Or App 367, 370, 602 P2d 1123 (1979), *rev den* 288 Or 335 (1980), a motion to modify spousal support must be made before the termination of the spousal support obligation.

Wife argues that, under the dissolution judgment, the October 3 payment represented husband's duty of support for the entire month of October and that, therefore, her motion was timely. We do not so construe the judgment. It created an obligation to pay on the first day of each month. As with a promissory note, when the final payment was made, the obligation was discharged. After October 3, 1988, therefore, husband had no obligation that could support a modification.[2]

Affirmed. No costs to either party.

---

[1] October 3, 1988, was a Monday, when husband's bank made an automatic transfer to wife's account.

[2] Wife also argues that *Park and Park, supra,* was wrongly decided and that we should overrule it. We decline to do so. *See Woita and Woita,* 98 Or App 83, 778 P2d 504 (1989).