Argued and submitted February 16, reversed July 6, 2005

In the Matter of the Marriage of

Kandi C. HARKINS,
*Respondent,*
*and*

Michael T. HARKINS,
*Appellant.*

9601-60693; A122370

115 P3d 981

Ron Ferguson argued the cause for appellant. With him on the briefs was Ron Ferguson, P. C.

James E. Leuenberger argued the cause for respondent. With him on the brief was James E. Leuenberger, P. C.

Before Edmonds, Presiding Judge, and Wollheim and Schuman,* Judges.

* Schuman, J., *vice* Ceniceros, S. J.

EDMONDS, P. J.

## EDMONDS, P. J.

■        Husband appeals from a judgment modifying a 1997 dissolution judgment that awarded spousal support to wife by extending its duration for an indefinite period of time. ORS 107.135 (2001).[1] We conclude that the trial court lacked authority to order indefinite support under the circumstances of this case and reverse.

The 1997 judgment provided that husband's spousal support obligation would end on November 30, 2002. The parties agree that husband paid the final support installment required by the 1997 judgment on October 15, 2002, and that, at that time, no obligation existed under judgment. On October 30, 2002, before spousal support was scheduled to end, wife moved to modify the judgment to provide for indefinite support. Husband moved for summary judgment, ORCP 47 C, on the ground that the court was without authority to extend the duration of spousal support because he had satisfied the support obligation before wife's motion was filed. The trial court denied husband's motion, reasoning that husband's payment accrued on November 1, 2002, and that

> "[t]he fact that [husband] made this payment early does not change the payment's due date. [Wife] filed her Motion and Order to Show Cause RE: Modification of Support before November 1, 2002 and therefore that support payment had not yet accrued."

■        The authority of a trial court to modify a judgment of dissolution of marriage is solely statutory. *Spady v. Graves*, 307 Or 483, 488, 770 P2d 53 (1989). Accordingly, we examine the relevant statutes to discern the legislature's intent as applied to the above circumstances. ORS 107.135(1)(a) provides, in part, that a court may "[s]et aside, alter or modify so much of the decree as may provide * * * for the support of a party * * *." The key phrase in the statute is the present tense verb phrase "may provide." That phrase implies that there must be an existing support obligation at the time that

---

[1] Wife filed her motion in November 2002. ORS 107.135 governing modifications was amended in 2003. Or Laws 2003, ch 14, § 41; ch 116, § 4; ch 419, § 1; ch 572, § 13a; ch 576, §§ 112, 112a, 112b. All references in this opinion are to the 2001 version of the statute that was in effect at the time wife filed her motion.

the court exercises its authority to modify. Our case law supports that interpretation of the statutory scheme. *See Wrench and Wrench*, 98 Or App 352, 353, 779 P2d 195, *rev den*, 308 Or 608 (1989) (holding that, "[a]s with a promissory note, when the final payment was made [on a support judgment], the obligation was discharged[,]" and after that date "husband had no obligation that could support a modification"); *see also Woita and Woita*, 98 Or App 83, 87, 778 P2d 504, *rev den*, 308 Or 608 (1989) (holding that the trial court was without authority to modify a spousal support obligation when the modification proceeding was initiated ten years after the obligation to pay spousal support under the dissolution judgment had been terminated by order); *Park and Park*, 43 Or App 367, 602 P2d 1123 (1979), *rev den*, 288 Or 335 (1980) (holding that the trial court lacked authority to renew spousal support payments pursuant to a motion that was filed after the expiration of time during which spousal support was required to be paid under the original judgment).

Wife argues, notwithstanding the provisions of ORS 107.135(1)(a) and the above case law, that the following subsections of ORS 107.135 are controlling:

"(5) Any modification of spousal support granted because of a change of circumstances may be ordered effective retroactive to the date the motion for modification was filed or to any date thereafter.

"(6) The decree is a final judgment as to any installment or payment of money that has accrued up to the time either party makes a motion to set aside, alter or modify the decree, and the court does not have the power to set aside, alter or modify such decree, or any portion thereof, that provides for any payment of money * * * [for] the support of a party[ ] that has accrued prior to the filing of such motion."

According to wife,

"Under the above [provisions], it's the date of accrual of a support payment that controls the court's power to modify spousal support provisions, not the date of payment.

"Here, wife's motion for modification of spousal support was filed prior to the accrual of the final payment provided in the judgment—that [husband] made the payment early is and *must be* immaterial, else the [statute] could be

defeated by a support obligor with sufficient means to pay off an entire spousal support obligation upon entry of a judgment and, thereby, deprive the court of jurisdiction to modify its spousal support provisions despite the above emphasized statutory language and specific contrary language of the judgment."

(Emphasis in original.)

We disagree. ORS 107.135(5) and (6) concern when support obligations accrue, when they become final judgments, and what judgments are not subject to modification. Under those statutes, the authority of the court to modify a support obligation is prospective only and cannot affect the obligations that have become final judgments. They do not speak to the issue of what occurs when the underlying obligations established by the judgment of dissolution fail to ripen into judgments on the obligations themselves. For example, the judgment of dissolution in this case establishes certain amounts of support for certain time periods "until November 30, 2002 after which it shall terminate." However, the judgment also provides that "[s]pousal support shall terminate on the death of either party or upon the remarriage of [wife] or her cohabitation with a man * * * in a relationship similar to marriage." In other words, the judgment contemplates that the spousal support obligations established by the judgment of dissolution could terminate under certain circumstances before they ripen into support judgments. Similarly, if the support obligation established by the dissolution judgment is paid or satisfied before it ripens into a judgment, ORS 107.135(5) and (6) are inapplicable, because a judgment reflecting that underlying obligation cannot arise.

We need not reach husband's other arguments on appeal because the trial court erred when it held that it had the authority to modify the judgment for spousal support in this case.

Reversed.