Submitted on record and briefs October 6, affirmed December 6, 2006

In the Matter of the Marriage of

Lonnie Jay GOERTEL,
*Respondent,*

*and*

Mona Lisa GOERTEL,
*Appellant.*

15-02-16824; A130873 (Control), A131041
(Cases Consolidated)

149 P3d 247

George L. Derr filed the briefs for appellant.

Russell D. Bevans filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Hargreaves, Senior Judge.

HARGREAVES, S. J.

## HARGREAVES, S. J.

The issue in this case is whether the motion and order to show cause regarding modification of spousal support filed by wife in this dissolution proceeding was timely filed. For the reasons set forth below, we find that it was not and affirm the trial court's decision awarding summary judgment in favor of husband.

The facts are not in dispute. The judgment of dissolution of marriage between the parties required husband to pay spousal support in the sum of $500 per month to wife for 24 months, commencing on November 1, 2003, with the final payment due on October 1, 2005. The due date for the final payment fell on a Saturday. Wife filed her motion to modify spousal support on the following Monday, October 3, 2005. At the time of that filing, husband had an arrearage in his payment of support to wife. Husband moved for summary judgment, arguing that his support obligation had terminated on October 1, 2005, and, as a matter of law, could not be modified through a proceeding filed after that date. The trial court agreed and granted summary judgment in favor of husband. Wife appeals.

On appeal, wife first argues that, because husband had an accrued and unpaid spousal support obligation after the date designated in the decree for the payment of the final installment of spousal support, husband's obligation to pay support continued until such time as this arrearage was satisfied. Thus, by this reasoning, when wife filed her motion to modify spousal support, husband still owed a support obligation, so her filing was timely.

In support of her argument, wife relies on *Harkins and Harkins*, 200 Or App 468, 115 P3d 981 (2005), *rev den*, 340 Or 672 (2006). In *Harkins*, the wife moved to modify a spousal support award. She filed her modification request prior to the date for the final payment as set forth in the decree of dissolution, but after husband had actually made the final payment. Reversing the trial court, we held that the modification request was untimely because the final payment had been made by the husband and that the payment brought to an end his obligation under the decree, even

though the payment was made before the required date in the decree. We stated, in part:

> "The authority of a trial court to modify a judgment of dissolution of marriage is solely statutory. *Spady v. Graves*, 307 Or 483, 488, 770 P2d 53 (1989). Accordingly, we examine the relevant statutes to discern the legislature's intent as applied to the above circumstances. ORS 107.135(1)(a) provides, in part, that a court may '[s]et aside, alter or modify so much of the decree as may provide * * * for the support of a party * * *.' The key phrase in the statute is the present tense verb phrase 'may provide.' That phrase implies that there must be an existing support obligation at the time that the court exercises its authority to modify."

200 Or App at 470-71.

Implicit in wife's argument is the acceptance of the court's interpretation of ORS 107.135(1)(a)[1] as outlined in *Harkins* above, that there must be a support obligation in existence when the motion to modify is filed, or there is nothing to modify. Wife argues that the accrued but unpaid arrearage of spousal support is a *continuing* support obligation under the decree and that, as long as such obligation exists, a motion to modify is timely. We disagree.

Husband's support obligation was for 24 months. On the first day of each of those 24 months, he was obligated to pay to wife the sum of $500. If husband failed to pay one or more of these payments on or before the day required (as is the case here), by operation of law, each payment not paid became a judgment enforceable by execution[2] and also became a judgment lien on the real property of husband in the county.[3] *See Hansen v. Hansen*, 272 Or 686, 688, 538 P2d

---

[1] Subsequent to *Harkins*, ORS 107.135(1)(a) was amended to substitute the word "provides" for the words "may provide." For the purpose of this argument, we do not find the change significant.

[2] ORS 18.252(2) provides:

"Any portion of a money award that by the terms of the judgment is to be paid on some date after the date that the judgment is entered may be enforced by execution when payment becomes due under the terms of the money award and is not paid."

[3] ORS 18.150 provides, in part:

"(1) If a judgment document * * * includes a money award * * * the court administrator shall note in the register of a circuit court that the judgment creates a judgment lien * * *

935 (1975). When the last payment date passed, there was no longer a support obligation under the decree; there was only the right of wife to enforce her judgments for any unpaid support. Since there was no support obligation in effect on the day wife filed her motion to modify the decree, her first argument fails.

■ Wife next argues that even if the accrued arrearage in the payment of support did not extend the time for filing her motion to modify, she was in fact still timely in filing her motion. In support of this argument, wife relies on ORS 174.120[4] and ORCP 10 A.[5] Wife argues that, since the date for the final payment of support fell on a Saturday, both ORS

---

"* * * * *

"(3) * * * if the court administrator notes in the register that a judgment creates a judgment lien and the judgment contains a support award, the support award portion of the judgment has the following effect in the county in which the judgment is entered:

"* * * * *

"(b) When an installment becomes due under the terms of the support award and is not paid, a support arrearage lien for the unpaid installment attaches to all real property of the judgment debtor in the county at that time; and

"(c) When an installment becomes due under the terms of the support award and is not paid, a support arrearage lien attaches to all real property that the judgment debtor thereafter acquires in the county for the purpose of enforcing the unpaid installment, and remains attached to that property until satisfaction is made for the installment or the judgment lien arising from support award portion of the judgment expires."

[4] ORS 174.120 provides, in part:

"(1) The time within which an act is to be done, as provided in the civil and criminal procedure statutes, is computed by excluding the first day and including the last unless the last day falls upon any legal holiday or on Saturday, in which case the last day is also excluded.

"(2) For the purposes of the determining whether a person has complied with a statutory time limitation governing an act to be performed in a circuit court, the Oregon Tax Court, the Court of Appeals or the Supreme Court, the time prescribed by law for the performance of the act does not include the day on which the specified period begins to run. The designated period does include the last day unless the last day is:

"(a) A legal holiday or Saturday;

"(b) A day on which the court is closed for the purpose of filing pleadings and other documents;

"* * * * *

"(3) If the last day of a designated period is excluded under the provisions of subsection (2) of this section, the act must be performed on the next day that the court is open for the purpose of filing pleadings and other documents.

174.120 and ORCP 10 A gave her until the following Monday to file her motion to modify the decree. She, in fact, filed her motion on that Monday. Therefore, wife argues, her filing was timely.

Wife's argument fails because neither ORS 174.120 nor ORCP 10 A applies in this case. ORS 174.120 states, in relevant part, "(1) The time within which an act is to be done, *as provided in the civil and criminal procedure statutes * * *"* (emphasis added) and "(2) For the purposes of the determining whether a person has complied with a *statutory time limitation* governing an act to be performed in a circuit court * * *." (Emphasis added.) Thus, by its terms, ORS 174.120 applies only to times provided for in civil and criminal statutes. In the case before us, the relevant times are set by the dissolution decree and not by statute.

■ Wife's reliance on ORCP 10 A also is of no avail to her. In part, ORCP 10 A states, "In computing any *period of time* prescribed or allowed by these rules, by the local rules of any court or by order of court * * *." (Emphasis added.) That rule does not apply to the period of time in which wife has to move to modify the decree. That period is not "prescribed or allowed by these rules, by the local rules of any court or by order of court * * *." ORCP 10 A. The only way that wife's argument can have any validity is if ORCP 10 A extended the due date of husband's last support payment (October 1, 2005) to Monday, October 3, 2005, because October 1 was a Saturday. It did not. October 1, 2005, was the designated date certain in the decree on which husband was to make his final support payment. That date was not the final day of a "period of time." It was *the* time for that payment. After that date, wife had either received all payments to which she was

---

"(4) The provisions of subsections (2) and (3) of this section apply to time limitations established by statutes of limitation and other procedural statutes governing civil and criminal proceedings."

[5] ORCP 10 A provides, in part:

"In computing any period of time prescribed or allowed by these rules, by the local rules of any court or by order of court, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday or a legal holiday, including Sunday, in which event the period runs until the end of the next day which is not a Saturday or a legal holiday."

entitled or, by operation of law, any arrearages had become judgments. Either way, husband's support obligation had ended, even if his obligation to satisfy any outstanding judgments had not.

Since there was no support obligation in effect under the decree on the day wife filed her motion to modify, the trial court did not err in granting husband's motion for summary judgment.

Affirmed.