GARRETT, J.
*225 Husband appeals a supplemental judgment modifying a general judgment of dissolution that awarded spousal support to wife. ORS 107.135(1)(a). Husband argues that the trial court lacked authority to modify the judgment. We agree and reverse.
The relevant facts are few and undisputed. In 2012, the parties divorced under the terms of a stipulated general judgment of dissolution. The judgment required husband to pay wife spousal support in monthly payments for five years, beginning retroactively in 2011 and continuing through August 2016. On July 26, 2016, wife filed a motion to modify spousal support, requesting an extension of the duration of the award. On August 1, husband made his final spousal support payment as scheduled. On August 13, husband was served with wife's motion. The trial court granted wife's motion and modified the general judgment to extend husband's spousal support obligation. Husband appealed.
On appeal, husband's argument-which was rejected by the trial court-is that the trial court lacked authority under ORS 107.135 to modify spousal support because husband's obligation terminated on August 1, before wife served husband with her motion. Wife responds that, under Park and Park , 43 Or. App. 367, 602 P.2d 1123 (1979), rev. den. , 288 Or. 335, --- P.3d ---- (1980) it sufficed that she had filed her motion before the termination of spousal support. Whether the trial court has authority under ORS 107.135 to modify a judgment awarding spousal support is a question of law. See id. at 369-71, 602 P.2d 1123.
Resolution of this case is guided by two principles. First, we have held that, when an obligation to pay spousal support terminates, the obligation effectively ceases to exist, leaving nothing for the court to modify.[1] See, e.g. , id. at 370-71, 602 P.2d 1123 (where spousal support terminated "by the express terms of the decree," no support could be thereafter awarded "by 'amendment' because there would exist no duty to support at that time"); see also *226 Wrench and Wrench , 98 Or. App. 352, 353, 779 P.2d 195, rev. den. , 308 Or. 608, 784 P.2d 1101 (1989) (holding that, "when the final [support] payment was made, the obligation was discharged" and, after that date, "husband had no obligation that *495 could support a modification"); Woita and Woita , 98 Or. App. 83, 87, 778 P.2d 504, rev. den. , 308 Or. 608, 784 P.2d 1101 (1989) (trial court lacked authority to reinstate spousal support obligation in a modification proceeding when the modification proceeding was initiated ten years after the support obligation terminated). Therefore, the trial court's modification of the support obligation is valid only if the court had authority to modify the judgment before the support obligation terminated on August 1, 2016.[2]
Second, the question of whether the trial court had authority to modify the spousal support obligation before August 1 is governed by ORS 107.135(1)(a), which provides:
"The court may at any time after a judgment of *** dissolution of marriage *** is granted, upon the motion of either party and after service of notice on the other party ***:
"(a) Set aside, alter or modify any portion of the judgment that provides *** for the support of a party ***[.]"
Thus, the plain language of the statute provides that a court may modify spousal support "at any time" after a party's motion and "after service" of notice on the other party. It follows that a trial court lacks authority to modify spousal support unless and until service occurs.
Applying those two principles requires the conclusion that the trial court lacked authority to modify the support obligation. Although wife filed her motion on July 26, 2016, the trial court could not have acquired authority to modify the judgment until after husband was served on August 13. In the intervening period, however, husband's support obligation undisputedly terminated as a result of the August 1 payment. Because the support obligation ceased to exist before husband was served, no obligation remained for the trial court to modify. See Wrench , 98 Or. App. at 353, 779 P.2d 195 ; Park , 43 Or. App. at 370-71, 602 P.2d 1123.
*227 Wife nonetheless contends that Park and its progeny set out a different rule: that a motion for modification need only be filed, but not served, before spousal support terminates in order to preserve the court's authority to modify the obligation. But wife misreads Park . As we understand it, her contention stems from the fact that Park made no mention of service. That is true, but irrelevant. In Park , the wife did not file her motion to modify spousal support until more than a month after the husband's spousal support obligation had terminated; we held that the trial court lacked authority to amend the support obligation because it had terminated by the time that the wife's motion was filed. Park , 43 Or. App. at 370-71, 602 P.2d 1123. The lack of any discussion of service in that case merely reflects that wife's motion to modify failed for a different reason. Thus, Park stands for the proposition that filing a motion to modify support before that support obligation terminates is a necessary condition of the trial court's authority; contrary to wife's reading, Park and cases following it[3] do not hold that filing is a sufficient condition. ORS 107.135(1)(a) plainly states that filing and service are both necessary.[4]
The trial court erred in modifying the judgment; accordingly, we need not reach husband's other arguments on appeal.
Reversed.

"[S]upport requirements may be modified so long as the duty to support exists, but not thereafter." Park , 43 Or. App. at 370, 602 P.2d 1123.

Wife does not dispute that husband's support obligation was terminated as of the last payment on August 1, 2016.

See, e.g. , Goertel and Goertel , 209 Or. App. 585, 149 P.3d 247 (2006) ; Harkins and Harkins , 200 Or. App. 468, 115 P.3d 981 (2005), rev. den. , 340 Or. 672, 136 P.3d 742 (2006) ; Wrench , 98 Or. App. 352, 779 P.2d 195 ; Woita , 98 Or. App. 83, 778 P.2d 504. Like Park , each of those cases involved the post-termination filing of a motion to modify spousal support, and did not discuss service.

It appears that we have not expressly addressed whether, for a modification to be timely, the trial court must act on a motion to modify before the support obligation terminates or, instead, whether it suffices that the motion has been filed and served-that is, that the court has acquired the authority to act-before the obligation terminates. We need not address that question here, because the court in this instance did not even acquire the authority to act until August 13, twelve days after husband's support obligation terminated.